JAMES D. RUSSEL, PLAINTIFF IN ERROR, V. ROSENBAUM BROTHERS AND THE CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, DEFENDANTS IN ERROR.

1. **Trial:** MOTION FOR NEW TRIAL. In a motion for a new trial a general assignment that the court erred in giving each of the

instructions given to the jury is too general, and such an assignment will not be considered in the supreme court.

2. Action: INTERVENOR: VERDICT. An action was brought by the plaintiff as the assignee of a claim against a railroad company for rebates and overcharges, and which the railroad company admitted to be due. A third party, by intervention, claimed the fund, and asked judgment therefor. Upon the trial, the plaintiff proved the contract between his assignor and the railroad company, the shipment, and the amount due thereon. There was nothing in the evidence (in which was no conflict) to show that the intervenor was entitled to the money. The verdict of the jury, however, was in his favor. It was *Held*, That the verdict could not stand.

3. ———: ———: ESTOPPEL. No question as to the legality of the contract between the shipper and the railroad company was presented by the answer of the intervenor, but upon the contrary he sought to obtain the benefit of the contract, and obtained a judgment in his favor. It was *Held*, That he could not afterwards be heard to insist upon the illegality of the contract.

ERROR to the district court for Lancaster county. Tried below before FIELD, J.

*S. P. Davidson*, for plaintiff in error, cited: *Van Valen v. Lapham*, 13 How. Pr., 240. *Kay v. Noll*, 20 Neb., 380. *A. & N. R. R. v. Miller*, 16 Id., 661.

*Mason & Whedon*, for defendants in error Rosenbaum Brothers, cited: *Taylor v. Bates*, 5 Cow., 376. *Wood v. Perry*, 1 Barb., 114. *Rudolf v. Winters*, 7 Neb., 128. *Hobbie v. Zaepffel*, 17 Id., 536. *Collins v. Blantern*, 2 Wils., 347. *Oscanyan v. Arms Co.*, 103 U. S., 261.

REESE, CH. J.

The original action was brought in the district court of Lancaster county by plaintiff against the Chicago, Burlington & Quincy Railroad Company to recover certain overcharges of freight, or rebates.

The principal allegations of the petition were, that on and prior to the date named McLure & Griffin were engaged in buying and shipping grain from Elk Creek to Chicago; that the charges of the railroad company for the transportation of grain over its lines was thirty cents per hundred pounds, but the agreement was that when McLure & Griffin should present to the officers of the company the expense bills showing the amount paid, the railroad company would return to them ten cents per hundred pounds of the amount so paid for hauling; that they had transported large quantities of grain over the company's line to Chicago, and that the amount due McLure & Griffin upon said contract was $556.86; that McLure & Griffin had for a valuable consideration assigned the claim to plaintiff, but that the railroad company had refused to pay the amount due.

To this petition the railroad company filed its answer, admitting that certain rebates were to be paid to McLure & Griffin, but that they were to be allowed on the presentation of expense bills showing the shipment, and that those bills had not been presented by McLure & Griffin to plaintiff; that they were in the hands of Rosenbaum Brothers, of Chicago, who held the same against defendant.

All of the allegations of the petition not admitted were denied, and the court was asked to take such action as would protect the railroad company from being compelled to make a second payment of the amount in case judgment should be rendered against it in favor of plaintiff. Rosenbaum Brothers were made parties defendant, whereupon they filed an answer to plaintiff's petition, alleging that the contract of the railroad company was, that upon presentation of the expense bills it would pay to the party entitled thereto ten cents per hundred pounds, referred to in the petition, and that they were entitled to the rebate. It is also alleged that the assignment to the plaintiff was made for the purpose of defrauding them, and was without con-

sideration and void ; that McLure & Griffin were indebted to them at the time of the assignment, and which indebtedness had never been paid.

The reply of plaintiff was a general denial.

A trial was had to a jury, which resulted in a verdict in favor of Rosenbaum Brothers.

Plaintiff filed a motion for a judgment, notwithstanding the verdict, which was overruled. He then filed a motion for a new trial, which was also overruled, and judgment was rendered upon the verdict. He now brings the case into this case by proceedings in error.

Two questions were presented by his brief and on the oral argument, one of which is, that the verdict is contrary to the evidence. The other, that the district court erred in giving certain instructions to the jury.

Upon the last contention it must be sufficient to say that the motion for a new trial was not sufficient to present the question of error in giving instructions, the assignment being "error of the court in giving each of the instructions given to the jury on the court's own motion," "error of the court in giving each of the instructions asked by defendant."

It is not claimed that the instructions were all bad, and therefore, under the repeated rulings of this court, these assignments in the motion for a new trial were too general, and cannot be here considered. *Brooks v. Dutcher*, 22 Neb., 644.

Upon the trial of the case to the jury no evidence was offered by defendants Rosenbaum Brothers.

As between the plaintiff and the railroad company, a stipulation was introduced showing the contract between McLure & Griffin and the railroad company, by which the rebates were to be paid, the amount due thereon, and that they had not been paid, the attitude of the railroad company being that it was bound by the contract and only desired to be protected against the claims of Rosenbaum

Brothers.   The testimony (being all introduced by plaint-
iff) was not contradictory, and the only question for the
decision of the jury was, whether upon the evidence pro-
duced plaintiff was entitled to recover, or whether the
money belonged to Rosenbaum Brothers.    Rosenbaum
Brothers were commission merchants in the city of Chi-
cago.    At some time prior to the consummation of the con-
tract between the railroad company and McLure & Griffin,
they advanced to McLure & Griffin a sum of money, by
which McLure & Griffin became their debtors, and for the
security of which a chattel mortgage was taken upon cer-
tain cribs of corn at Elk Creek, Crab Orchard, and Smart-
ville, in this state.

The contract was made between the railroad company
and McLure & Griffin.

The basis of the claim which Rosenbaum Brothers
make to the money is, that the grain was consigned to
them, and that they are in possession of the expense bills
showing the amount due.    But there appears to have been
no contract by which they were to have the rebate or any
claim or lien thereon, to be applied to the indebtedness of
McLure & Griffin.

The expense bills, which were introduced in evidence by
plaintiff, showed that the grain was consigned to Rosen-
baum Brothers, and that they sold it, deducting the freight,
weighing, their commission, and the switching charges, and
crediting McLure & Griffin with the net proceeds.    The
whole freight was, therefore, paid by McLure & Griffin.
There is nothing to show that McLure & Griffin ever by
word or act transferred their claim to Rosenbaum Broth-
ers, but it is shown that the rebates collected before the
commencement of the suit were collected by McLure &
Griffin or their assignees.    There is nothing in the evi-
dence tending to show that the assignment to plaintiff was
fraudulent; but upon the contrary it is clearly shown that
it was for value.

Upon what theory the verdict of the jury was rendered is difficult to see.    There was nothing in the evidence showing that Rosenbaum Brothers had any legal or equitable claim to the money in dispute.    As against plaintiff the verdict was not only against the clear weight of evidence, but entirely unsupported by it.

It is now claimed by Rosenbuam Brothers that the contract between the railroad company and McLure & Griffin was void, as being in violation of the statutes prohibiting the granting of rebates.    No question of this kind is presented by their answer, but upon the contrary it is contended therein that they are entitled to the money, a portion of the prayer being that, " said railroad company defendants may be required to pay to these defendants the amount of said rebates, and these defendants may have judgment therefor, and for such other relief as equity may require."    It was stated in open court by the attorneys for the railroad company, and admitted by counsel, both for Rosenbaum Brothers and Russel, that soon after the judgment in favor of Rosenbaum Brothers in the district court was rendered, the railroad company paid the same, and the proceeds thereof had been taken and accepted by defendants.

It seems to us, first, that the defense if made could not be presented by one not a party to the contract ; and, second, that defendants cannot be heard now to question plaintiff's right to recover, upon grounds of public policy and in preservation of the public morals.    Having asked for and received the money, they are in no condition now to question the legal right of plaintiff to prosecute the action.

The judgment of the district court is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.