MACK WALKER v. JONATHAN TURNER.

[FILED JUNE 27, 1889.]

1. **Practice:** APPEARANCE. When a defendant appears specially for the purpose of challenging the jurisdiction of the court over him on the grounds of a defect in the service of summons, if the objection is overruled, an answer to the merits of the case without further objection to the jurisdiction, followed by a trial thereon, will be deemed a general appearance, and the objection waived.

2. **Action Quantum Meruit:** EVIDENCE. In an action upon the *quantum meruit* for compensation for services performed upon the request of the defendant, and which employment was denied by such defendant, it was not error for the trial court to permit the plaintiff to testify that the defendant represented that the services would be worth, and that he would guarantee the payment of that sum, etc.; the offer as to price not having been accepted by the plaintiff. Such evidence would not establish an express contract as to the price to be paid.

3. ——: ——. In such case, when the defendant alleged in his answer that the plaintiff's services were rendered exclusively for the water works company, and that he had been fully paid therefor, it was held not erroneous for the trial court to exclude from the consideration of the jury a receipt for $1,000, executed by the plaintiff to the water works company, there being no proof that the employment, nor payment, by the water works company was intended to cover the whole time of the plaintiff and his efforts on behalf of the defendant in securing the adoption of his pump.

4. **"Instructions:** EXCEPTIONS. A general exception to instruc-

tions given is insufficient. Each specific instruction which is claimed to be erroneous must be distinctly pointed out and specifically excepted to.".(*Brooks v. Dutcher*, 22 Neb., 644.)

5. **Evidence** examined, and *held*, sufficient to sustain the verdict.

ERROR to the district court for Buffalo county. Tried below before HAMER, J.

*Marston & Nevius,* for plaintiff in error, cited : *Atkins v. Atkins,* 9 Neb., 191 ; *McGavock v. Pollack,* 13 Id., 535 ; *Grebe v. Jones,* 15 Id., 315 ; *Holmes v. Holmes,* Id., 615 ; *Potter v. C. & N. W. Ry. Co.,* 1 Id., 14 ; Bishop on Contracts, secs. 185, 187 ; *Winchester v. King,* 46 Mich., 102 ; *Bartling v. Behrends,* 20 Neb., 211.

*John M. Stewart,* for defendant in error, cited : *Crowell v. Galloway,* 3 Neb., 220 ; *Kane v. People,* 4 Id., 509 ; *Burnham v. Doolittle,* 14 Id., 215.

REESE, CH. J.

This action was instituted in the district court of Buffalo county, the purpose of which was to recover from plaintiff in error the sum of $2,500, alleged to be due defendant in error for certain services rendered on behalf of plaintiff in error in procuring the adoption of a certain pump to be used in the system of water works constructed for the city of Kearney. The allegations of the petition were substantially that at and prior to the time of the contract which is alleged to have been entered into between plaintiff and defendant the city of Kearney was desirous of constructing a system of water works ; that plaintiff in error was the manufacturer of a certain pump known as the Walker pump, and that he employed defendant in error to assist him in presenting to the city council of the city of Kearney the merits of said pump and inducing them to cause the same to be adopted in connection with the water works system of the city of Kearney. It was alleged that the contract between plaint-

iff and defendant was made in the city of Chicago, where defendant in error had gone at the request of the plaintiff, and during an interview held between them; that in pursuance of said contract defendant in error returned to the city of Kearney, and by canvassing the matter of the construction of water works with the citizens and members of the city council he induced them to adopt the system of water works constructed by the corporation known as the American Water Works and Guarantee Company, Limited, with a condition in the contract with such company which required them to adopt the wheel or pump of defendant in error as the pumping power of said system of works. It is unnecessary to notice further the allegations of the petition.

By his answer plaintiff in error admitted the allegations of the petition concerning the purpose of the city of Kearney to construct the system of water works, the adoption by the council of said city of the works as constructed by the American Water Works and Guarantee Company, Limited, the franchise being granted to them, and the adoption of the pump manufactured by plaintiff in error. In connection with the denial on the part of plaintiff in error, that defendant in error was employed by him or assisted him in procuring the adoption of his pump as part of the water works system of the city of Kearney, it is alleged that whatever services were rendered by defendant in error were rendered in favor of the water works company above named and not for him, and that defendant in error had been fully paid by the said water works company for his services. All the allegations of the petition not admitted were denied. The reply amounted to substantially a general denial of all the allegations of the answer. The cause was tried to a jury, which resulted in a verdict in favor of defendant in error for the sum of $500. Plaintiff in error alleges errors occurring upon the trial and prior thereto, and brings the case to this court by proceedings in error.

Before plaintiff in error answered, he appeared specially and objected to the jurisdiction of the court, for the reason that there was no legal service of summons upon him, either actually or constructively. The challenge to the jurisdiction of the court was overruled, to which plaintiff excepted, and now assigns the ruling of the district court upon this objection as error. The record does not show that completed service was ever made upon plaintiff in error, and 'it is quite probable that at the time of the filing of the motion, and the ruling thereon, the court did not have jurisdiction of the person of plaintiff in error. But after the ruling of the district court plaintiff in error appeared generally and answered to the full merits of the case, without raising any question as to the jurisdiction. The cause proceeded to trial and was tried upon the merits of the contest between plaintiff and defendant alone. Without stopping to discuss the question here presented, we think it is well settled in this state that a general appearance of the character made by plaintiff in error in this case will waive any defect in the service of summons or want of jurisdiction. (*Crowell v. Galloway*, 3 Neb., 220; *Burnham v. Doolittle*, 14 Id., 215.) The objection now that the district court did not have jurisdiction over the person of plaintiff in error cannot avail him. As we have seen, the plaintiff's cause of action was to recover upon the *quantum meruit* for services alleged to have been performed for plaintiff in error, and that by performing the services rendered upon the request of plaintiff in error there was an implied obligation on the part of plaintiff in error to have paid a reasonable compensation therefor; that is, what it was worth. In the course of the examination of defendant in error, when upon the witness stand, in which he detailed several conversations had between the parties, he stated that plaintiff in error had said in his presence that he, plaintiff in error, would guarantee to defendant in error the sum of $2,000 to get

Walker v. Turner.

his patent introduced in this state. This was objected to, as immaterial and incompetent, and a motion was made to strike it out, which was overruled. To this the plaintiff in error excepted, and now assigns this ruling of the court for error. This objection is made upon the ground that, as the action was upon the *quantum meruit*, it was not proper to allow the witness to testify to anything which would tend to prove an express contract on the part of plaintiff in error to pay a certain sum for the services. This is no doubt true, and the position taken by counsel for plaintiff in error would be correct were it a fact that by the evidence which was given defendant in error sought to establish a liability on the part of plaintiff in error by virtue of an express contract by which he agreed to pay a certain sum, but this we do not understand to have been the case. There was no evidence offered that an agreement between them was made by which plaintiff in error was to pay and defendant in error was to receive the sum of $2,000 for his services, but the evidence was received rather for the purpose of tending to corroborate the theory of defendant in error that he had been employed by plaintiff in error to render the services which he claims to have rendered. It was not claimed that defendant in error accepted the proposition and agreed to perform the labor for $2,000 or any other sum. The offer made by plaintiff in error to give that much, unaccepted by defendant in error, would not be a contract, nor would the fact that defendant in error went on and rendered the service as claimed by him to have been rendered, change the rule. The amount to be paid to compensate him would still be one to be implied from the other circumstances.

It is next claimed that the court erred in excluding a receipt offered by plaintiff in error, to which objection was made by defendant in error. This receipt was as follows:

"$1,000.          KEARNEY, NEB., October 22, 1886.

"Received of Charles A. Lamb one thousand dollars, in full for any and all services directly or indirectly rendered to the American Water Works and Guarantee Co., or its representatives, and in full for and all claims that I had or held against said company, and in full for all fees for attorneys employed.          JONATHAN TURNER."

To this receipt is appended the following memorandum:

Draft order J. P. Hartman.............................$100.00

"      "    Jno. Turner............................... 474.25 .

"  ⋀  "    Jno. Turner and Ross Gamble......... 425.75

$1000.00

It is insisted that, in view of the fact that the defense tendered by plaintiff in error in his answer was that the services of defendant in error were rendered for and on behalf of the American Water Works and Guarantee Company, and that he had been paid for his services in that behalf, this receipt was competent for the purpose of proving that fact.   We have examined the bill of exceptions carefully, and are unable to find any proof whatever that this receipt was executed, or that the money mentioned in this receipt as having been paid was intended to cover all the labor or services of defendant in error in and about procuring the adoption of the American Water Works system of water works, and plaintiff's pump.   In order to render this receipt admissible, as against defendant in error, it was necessary that it should show that the money paid as therein recited was paid in consideration of and satisfaction for all the services which he rendered in and about the adoption of the system of water works of the American Water Works and Guarantee Company, and also the adoption of the pump of the plaintiff in error, in connection therewith.   We find no proof of this kind. That being true, the receipt offered in evidence was properly rejected, as immaterial and as throwing no light upon

the question of the liability of the plaintiff in error to defendant in error for services rendered in his behalf in procuring the adoption of his pump.

It is next contended that the court erred in giving certain instructions to the jury. We find upon an examination of the record that instructions numbers one, two, three, and four were given to the jury upon request of defendant in error. To these instructions an exception was taken in the following form: "To the giving of each and every of such instructions the defendant, by his counsel, then and there excepted, and the exceptions were allowed." Plaintiff in error requested the court to give to the jury a number of instructions. Among those so requested were numbers three and four, which were refused. We again quote the record. "Both of which instructions, numbers three and four, the court refused to give to the jury, to which ruling of the court the defendant, by his counsel, then and there excepted." The court then gave to the jury certain instructions upon its own motion, numbers one and two. We quote from the record again as follows: "To the giving of which instruction marked numbers one and two the defendant, by his counsel, then and there excepted, and the exception was allowed." This exception was insufficient and would not lay a sufficient foundation for a review of the instructions given and refused. In *Brooks v. Dutcher*, 22 Neb., 644, this question was before the court and received as careful consideration as it was possible at that time for us to give it, and it was the unanimous opinion of the court that the rule stated in the cases there cited was correct and should be adhered to. We do not deem it essential that the question should be again discussed, as we are satisfied with the rulings there had.

It is next contended that the verdict is contrary to and not supported by the evidence. This contention is based chiefly upon the evidence of defendant in error himself, who, it is claimed, testified positively that an express con-

tract had been entered into between him and plaintiff in error, by which he was to receive the sum of $2,000 in case of the adoption of plaintiff's pump, or in case it was not adopted that he was to receive nothing. We have carefully examined the evidence and cannot agree with the contention of plaintiff in error. While it is true that upon the cross-examination, as well as the examination in chief, defendant in error stated that plaintiff in error guaranteed to him $2,000 for his services in the matter testified to by him, yet he did not claim, either in the pleadings or his testimony, that there was an agreement or contract entered into by which certain services were to be rendered by defendant in error, and in consideration of which plaintiff in error was to pay him $2,000 ; but rather that the amount which defendant in error might expect to realize from his labors in that behalf would amount to at least that sum. We observe a direct conflict in the evidence between plaintiff and defendant, and had we been acting as a juror in a trial of the case it appears to us that the evidence introduced by plaintiff in error would have been sufficient to raise serious doubt as to the right of defendant in error to recover; that the circumstances tended to sustain and support his theory rather than that of defendant in error. But of this the jury were the sole judges, and we cannot, as a court of error, sit in review on the evidence or as to the weight to which each witness should be entitled, that being alone for the jury. There being enough to sustain their finding if believed by them, we cannot interfere.

We discover no error in the record calling for a reversal of the judgment of the district court, and it must therefore be affirmed.

JUDGMENT AFFIRMED.

THE other Judges concur.