ROSENBAUM BROTHERS V. JAMES D. RUSSELL.

[FILED OCTOBER 26, 1892.]

1. **Pleading:** ANSWER DENYING MATERIAL ALLEGATIONS SUF-
FICIENT WHEN ASSAILED FOR THE FIRST TIME BY MOTION
FOR NEW TRIAL. A denial in an answer of all material alle-
gations in the petition, although faulty, will be held sufficient
when assailed for the first time by motion for a new trial, par-
ticularly where it is treated at the trial as putting in issue the
allegations of the petition.

2. **Review:** HARMLESS ERROR. A judgment will not be reversed
on account of errors which could not have prejudiced the party
complaining.

3. **Evidence** examined and *held* to sustain the judgment com-
plained of.

ERROR to the district court for Lancaster county. Tried
below before FIELD, J.

*Charles O. Whedon,* for plaintiffs in error.

*S. P. Davidson, contra.*

POST, J.

For a statement of the facts in this case we refer to the
opinion filed when it was before the court upon a petition
in error by Russell, the present defendant in error. (*Russ-
ell v. Rosenbaum,* 24 Neb., 769.) After the case was re-
manded to the district court an amended answer was filed
by the plaintiffs in error, in which they allege that the
C., B. & Q. R. Co. has paid to them the full amount of
the rebates claimed. Whereupon the railroad company
was dismissed from the suit and the action prosecuted
against them. A second trial resulted in a verdict for the
plaintiff below under direction of the court, and judgment
having been entered thereon, the case was removed to this

court by petition in error. The first objection argued goes to the sufficiency of the reply, which is a denial of "every material allegation of the petition not already admitted," etc. This objection was made for the first time after verdict, the answer having been treated during the trial as putting in issue substantially all the allegations of the petition.

It is a rule repeatedly asserted by this court that pleadings will be most strongly construed against the objecting party, after trial and verdict on the merits. Had objection to the answer been made at the proper time it would undoubtedly have been sustained, but it is sufficient as against an objection made for the first time by a motion for a new trial. (Maxwell, Code Pleading, 386.)

Second—The second and third assignments may be considered together. They relate to the proof, over the objection of plaintiffs in error, of admissions by their attorney, Mr. Whedon, to the effect that the money due for rebates had been paid to them by the railroad company, and the admission in evidence of the original receipt therefor. It is plain that they could not have been prejudiced by the evidence complained of, since they had distinctly alleged the payment in their answer.

The fourth point made by counsel in his brief is that there is no evidence of an assignment of the claim in controversy by the firm of McClure & Griffin to the plaintiff below. This contention is not warranted by the record. McClure testifies, on his cross-examination, that the claim for rebates against the railroad company had been assigned to the plaintiff as collateral for money advanced to the firm of McClure & Griffin.

There is no error in the record and the judgment is

AFFIRMED.

THE other judges concur.