C. AULTMAN & COMPANY v. ELISHA L. MARTIN.

| 49 | 103 |
| 49 | 251 |
| 51 | 195 |
| 51 | 432 |

FILED SEPTEMBER 16, 1896.   No. 7246.

1. Instructions: ASSIGNMENTS OF ERROR: MOTION FOR NEW TRIAL. An assignment of error in a motion for a new trial that "the court erred in giving instructions 2, 3, 5, 6, 7, and 8, and each of them, asked for by plaintiff," is sufficiently specific to call for review by the supreme court of each of the instructions specified. It is not an assignment to the giving of the instructions *en masse*, but to each one separately.

2. ———: ———: ———. The first paragraph of the syllabus in *Russel v. Rosenbaum*, 24 Neb., 769, overruled.

3. Sales: CONTRACTS: INSTRUCTIONS. *Held*, No reversible error in the instructions.

4. Evidence: FOUNDATION. No foundation having been laid for the introduction of Exhibit J, offered in evidence, there was no error in excluding it from the jury.

5. Remittitur. A remittitur of $16 ordered to be filed by plaintiff below as a condition of affirming the judgment.

Error from the district court of Fillmore county. Tried below before Hastings, J.

*Sawyer, Snell & Frost,* for plaintiff in error.

*Charles H. Sloan* and *John P. Maule, contra.*

Norval, J.

This is the second appearance of this case in this court, the opinion filed on the former hearing being reported in 37 Neb., 826. The last trial resulted in a verdict and judgment in favor of the plaintiff below in the sum of $150. The defendant has brought the record here for review. The former opinion contains a brief statement of the issues presented by the pleadings and will not be repeated here.

It is developed by the record that Martin, the plaintiff below, was the agent of the defendant at Fairmont in the sale of its machinery during the years 1885 and 1887, under written contracts. In 1885 Martin sold for defendant a threshing machine to one Carlow, the notes taken therefor being secured by a chattel mortgage on the machine, as well as by a real estate mortgage. Carlow having made default in payment of one of the notes, the machine was taken by Martin under the chattel mortgage and sold, which he bought in his own name. Subsequently defendant ratified the foreclosure by accepting the machine from Martin. It was left in the latter's hands for resale, who, after repainting and repairing the machine, sold it again in 1888 to one George Frappia, taking his notes in payment therefor, which notes were delivered to defendant, indorsed by Martin without recourse. Two of these notes are due and remain unpaid, and defendant seeks by its counter-claim in this action to hold plaintiff for their payment, as guarantor, under the following stipulation in the written contract of agency for the year 1887: "The party of the second part, waiving demand, protest, and notice of protest, hereby

guaranties the payment at maturity of all notes which may be taken for C. Aultman & Co.'s goods, and agrees further to indorse the same at any time when required so to do, by signing a guaranty of payment thereon, if not in accordance with the provisions of this contract and if not in accord therewith as to financial responsibility." Martin, on the contrary, insists that he did not make the sale to Frappia under the contract of 1887, but under a special agreement, by the terms of which he was not to guaranty the notes taken for the resale of the machine, and plaintiff was to indorse the same without recourse, which he did.

Objections are made to the ninth instruction given by the court on its own motion, and to the seventh at the request of the plaintiff, which instructions are as follows:

"9. If you find that defendant accepted the notes of Frappia at the time they were taken from it by plaintiff, indorsed by him without recourse, and made no objection at the time, nor within a reasonable time after that, then its claim against the plaintiff on account of any guaranty of those notes provided for by contract would be waived, and you should find against defendant as to any guaranty of such Frappia notes."

"7. (Asked by plaintiff.) If you find from the evidence that the plaintiff acted in the years of 1885 and 1887 under a written contract with plaintiff, the terms of which were specific, then in the year 1888 you find there to have been no new contract, the presumption is that the terms of the contract of 1887 would control the sales in 1888; but if you find from the evidence that a special agreement was entered into between 'the plaintiff and the said defendant, through David Bradley & Co., concerning the old machine, at the time of Martin's delivery of the original notes to said David Bradley & Co., or subsequent thereto, that Martin should specially prepare the then second-hand machine for sale, under special terms and special contract different from the written contract, and that said sale was consummated in the year

1888, and that a reasonable compensation for the sale thereof was twenty per cent, then you must credit Mr. Martin with twenty per cent of the selling price of the machine when sold to Frappia."

Counsel for plaintiff argue that the above instructions cannot be reviewed, for the reason that they were not objected to specifically in the motion for a new trial. The ninth and tenth assignments of error therein being in the following language:

"9. The court erred in giving instructions numbered 2, 3, 5, 6, 7, and 8, and each of them, asked for by and on behalf of the plaintiff and duly excepted to by the defendant.

"10. The court erred in giving instructions numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, and 10, and each of them, on its own motion, to the giving of which defendant duly excepted."

It is contended that each of these assignments is too general, and not sufficiently specific to call for a review of the instructions mentioned farther than to ascertain that any one of them was properly given. It is firmly established by a long line of decisions that an assignment of error to instructions *en masse*, if any one of them was properly given, will not be considered. But the assignments in this case do not fall within the rule just stated, since the instructions are not assigned *en masse*, but each one is specifically, singly, and distinctly pointed out in the motion for a new trial as erroneous, as much so as though there had been a separate assignment for each instruction given. We are aware that this view is not in harmony with some of the decisions of this court. Thus, in *Brooks v. Dutcher*, 22 Neb., 644, an exception to instructions was taken in these words: " 'The defendant excepts to each and every one of the above instructions separately.' " This was held a general exception, and insufficient to allow the instructions to be reviewed. To the same effect are *Dodge v. People*, 4 Neb., 220; *Brooks v. Dutcher*, 24 Neb., 300; *Walker v. Turner*, 27 Neb., 103. In *Russel v. Rosenbaum*, 24 Neb., 769, it was held that an as-

signment of error in the motion for a new trial that "error of the court in giving each of the instructions given to the jury on the court's own motion" was insufficient to call for its consideration in this court. The decisions in the cases mentioned above are entirely too technical, and should not be followed upon the question of practice under consideration. Errors should be so specifically and definitely assigned in the court below as to challenge the court's attention to each decision complained of, and thus give the trial judge an opportunity to review his own rulings and correct any errors therein. Each specification of error in a motion for a new trial should be complete in itself,—so framed as to embrace a single ruling. The motion in this case meets these requirements,—as much so as if the specification of errors in the giving of instructions had been multiplied by making a separate assignment for each instruction given.

Complaint is made that the instructions quoted were not applicable to the evidence. The record refutes this contention. The jury was warranted by the evidence in drawing the conclusion that the sale of the machine by Martin to Frappia was not made under the contract of agency for the year 1887, and if it was not so made, then Martin was not liable under the stipulations contained in the contract as guarantor. Moreover, even though the sale was not made under a special agreement, but under the contract of 1887, there was evidence conducing to show that C. Aultman & Co. accepted, without objection, the Frappia notes from Martin, indorsed by the latter without recourse, which constituted a waiver of the provisions in the contract of 1887 relating to the guarantying of the payment of notes. There was no reversible error in the instructions referred to.

Objection is made to the eighth instruction given at plaintiff's request, by which the jury was told, in effect, that if the agreement was that plaintiff should sell the machine and take from his first receipts the amount due him for freight and money expended in foreclosure, then

said items would not be due until Martin collected some money from the sale of said machine, which was in 1888, and that the same would not be barred until four years thereafter, and that this action was begun in 1890, which arrested the running of the statute of limitations. This instruction not only contained a correct exposition of the law, but it was applicable to the issues made by the pleadings and the evidence, and there was no error in the giving thereof.

Another error assigned is based upon the refusal of the court to admit in evidence Exhibit J, offered by defendant. It purports to be a bill of particulars in the justice court of J. G. McFadden, in a case entitled Elisha L. Martin v. C. Aultman & Co. The purpose of this was to show that Martin claimed judgment for a less sum on the various items than was asked in the district court. No foundation was laid for the introduction of the paper mentioned. It was not shown to have been prepared, signed, or filed by Martin, or by his authority, much less that the cause was tried thereon in any court, or that this suit was instituted before Justice McFadden. The exhibit was properly excluded.

The following letter offered in evidence by defendant was excluded by the court:

"FAIRMONT, NEB., Oct. 21, 1886.

"*David Bradley & Co., Council Bluffs, Iowa*—GENTS: Yours of 19th at hand, contents noted. I did not sell the machine; done my best; there was not a thresher sold here this fall. All I ask is what money I have in it. I think it had better be sent back to the Bluffs. My charges: Freight, $85; expenses of selling, $25; making $110. Send me this amount and I will load the machine and ship it to you.

"Yours truly,          E. L. MARTIN."

The above was written by plaintiff to defendant's agents, and refers to the machine sold under the chattel mortgage given by Carlow. Plaintiff in this suit claims

that defendant is indebted to him on account of the Carlow foreclosure in the sum of $31, for cash advanced, and $10 additional for his services, while the letter claims but $25 for expenses of making the sale and makes no claim for his own services. The letter should have gone to the jury, and there was error in rejecting it. The letter was not, as contended by plaintiff, a mere proposition of compromise, but purports to state the amount due him on account of the chattel mortgage foreclosure. For the error indicated the judgment must be reversed, unless the plaintiff below files a remittitur with the clerk of this court within thirty days of $16, as of the date of the judgment, but in case such remittitur is filed, then the judgment will be affirmed for the sum of $134, with interest thereon.

JUDGMENT ACCORDINGLY.