CITY OF OMAHA V. FANNIE E. RICHARDS, ADMINIS-
TRATRIX.

FILED OCTOBER 6, 1896. No. 6581.

1. **Municipal Corporations:** NEGLIGENCE: PONDS: DEATH OF CHILD. *Held,* That the city is liable for the death of a boy ten years old, by drowning, caused by falling from a section of wooden sidewalk which he was using as a raft upon a pond of water within the corporate limits, a part thereof being in a public street and part upon private property, it being shown that such accumulation of water was occasioned by the negligence of the city in grading said street and constructing a storm sewer therein.

2. ———: ———. Whether the deceased was guilty of contributory negligence was a question of fact, to be determined by the jury from the evidence adduced.

3. **Instructions:** EXCEPTIONS. An exception to the "giving of instructions 3, 4, 5, 6, 7, 8, and 9, contained in the general charge of the court, and to the giving of each said instructions," is a separate and specific exception to each of said paragraphs of the charge, and is, therefore, sufficient.

4. ——: ——. *Brooks v. Dutcher*, 22 Neb., 644, and *Walker v. Turner*, 27 Neb., 103, in so far as they state a contrary doctrine, overruled.

5. **New Trial**: ASSIGNMENTS OF ERROR. The assignment in the motion for a new trial relating to the giving of instructions *held* sufficient.

6. **Municipal Corporations**: LIABILITY FOR NEGLIGENCE: STREETS. The third and sixth paragraphs of the charge, set out in the opinion, correctly state the rule as to the liability of a city for failure to keep its streets in safe condition for the use of the public, and are applicable to the case made by the pleadings and evidence.

7. **Instructions.** A party cannot complain of an instruction in harmony with one requested by him.

8. **Assignment of Error**: EVIDENCE. An assignment in a petition in error that the court erred in admitting testimony is too indefinite.

9. **Damages for Causing Death of Child.** A verdict for $2,850 *held* not excessive.

ERROR from the district court of Douglas county. Tried below before SCOTT, J.

The opinion contains a statement of the case.

*W. J. Connell* and *E. J. Cornish*, for plaintiff in error:

We contend that at the time of the drowning, Twenty-fifth street, at the point near where the accident occurred, was actually closed to public travel by reason of the existence of a pond of water, and the deceased, according to the undisputed proof of this case, at such time not only was not in the use of the street for any lawful or proper purposes, but was not in any manner using said street; that the street, at the place referred to, being closed to public travel, the city owed no duty to the deceased to protect him from drowning while using the pond of water for the purposes of swimming, boating, or fishing, either on the street or on private property. (*Charlebois v. Gogebic & M. R. Co.*, 51 N. W. Rep. [Mich.], 812; *Omaha & R. V. R. Co. v. Martin*, 14 Neb., 295; *Westfall v. Board of Water Commissioners*, 53 N. W. Rep. [Mich.], 161; *Goeltz v. Town of Ashland*, 44 N. W. Rep. [Wis.], 770; *Sweeny v. Old Colony & N. R. Co.*, 10 Allen [Mass.], 368; *Schmidt v. Bauer*, 22 Pac. Rep. [Cal.], 256; *Benson v. Baltimore Traction Co.*,

26 Atl. Rep. [Md.], 975; *Nolan v. New York & H. R. R. Co.*, 4 Atl. Rep. [Conn.], 110; *Murphy v. City of Brooklyn*, 23 N. E. Rep. [N. Y.], 888.)

*Breckenridge & Breckenridge* and *L. F. Crofoot*, contra:

The city was negligent and is liable for damages. (*Brennan v. City of St. Louis*, 92 Mo., 482; *Pyle v. Richards*, 17 Neb., 180; *Fremont, E. & M. V. R. Co. v. Marley*, 25 Neb., 138; *McClure v. City of Red Wing*, 28 Minn., 186; *City of Chicago v. Keefe*, 114 Ill., 222; *City of Chicago v. Hesing*, 83 Ill., 204; *Village of Carterville v. Cook*, 129 Ill., 152; *City of Galveston v. Posnainsky*, 62 Tex., 118; *City of Indianapolis v. Emmelman*, 108 Ind., 530; *Nichols v. City of St. Paul*, 44 Minn., 494; *City of Plattsmouth v. Mitchell*, 20 Neb., 228.)

The damages assessed by the jury are not excessive. (*Barry v. Edmunds*, 116 U. S., 565; *Ross v. Texas & P. R. Co.*, 44 Fed. Rep., 44; *Johnson v. Chicago & N. W. R. Co.*, 64 Wis., 425; *Schrier v. Milwaukee, L. S. & W. R. Co.*, 65 Wis., 457; *Union P. R. Co. v. Dunden*, 37 Kan., 1; *Czezewzka v. Benton-Bellefontaine R. Co.*, 25 S. W. Rep. [Mo.], 911.)

NORVAL, J.

This is an action by Fannie E. Richards, as administratrix of the estate of George Bertram Weston, deceased, against the city of Omaha, William J. Connell, and William E. Clark to recover damages for the death of plaintiff's intestate. The death of Weston was caused by drowning in a pond of water in the corporate limits of said city. A general demurrer to the petition was filed by the defendants Connell and Clark, which was sustained by the court and the action dismissed as to them. This judgment was affirmed at the January term, 1895. (*Richards v. Connell*, 45 Neb., 467.) The city filed an answer to the amended petition, to which the plaintiff replied by a general denial, and the issues tendered by the pleadings were tried to a jury, which resulted in a verdict and judgment for the plaintiff in the sum of $2,850. The city has brought the record to this court for review.

The first ground relied upon for a reversal is that the verdict is not sustained by sufficient evidence and is contrary to law. The only testimony in the case was that introduced by the plaintiff. There is no controversy regarding the facts, except in one particular, which will be referred to hereafter. South Twenty-fifth street, in the city of Omaha, runs north and south and is a public thoroughfare. Lots 40 and 41, in Hickory Place, an addition to said city, front upon the east side of said street and at the time of the drowning were owned by W. J. Connell. Lot 59, in Redick's Second Addition to said city, owned by W. E. Clark, adjoins Mr. Connell's lots on the north and likewise abuts upon said street. A large draw or ravine intersected the street opposite the above described premises, owned by Connell and Clark, respectively. A long time prior to June 29, 1891, the city raised the grade of the street, but not for the entire width thereof, where it crosses the ravine, by the construction of an embankment in such a manner as to leave no sufficient outlet for the surface water which accumulated in said draw upon the lots aforesaid and the east side of said street. A storm sewer had been constructed in the street several feet below the surface thereof, but it had no catch basin or other opening, except a manhole, to drain the water. This manhole was near the west line of the street, and was constructed so high above the ground as to prevent the drainage of the surface water at that point into the sewer. On the date aforesaid, and at divers times prior thereto, there had been allowed to accumulate and remain in said draw, on the eastern portion of said street, a large pond or body of water, which extended to and upon the said lots of Connell and Clark. On said date plaintiff's intestate, a lad about ten years old, and a number of boys went upon a section of a wooden sidewalk which had been constructed along the west side of said street, but which had become detached and was then floating upon the water, and used the same for a raft, for pleasure and amusement, and while so doing young

Weston fell therefrom into the water and was drowned. The witnesses do not agree as to the exact place where he lost his life, one of them, at least, testifying that it was in the water on said street, while the inference can be drawn from the testimony of other witnesses that the drowning was on the property adjacent to said street. The witnesses, however, all agree that there was but a single body of water where the accident occurred, and that the raft conveyed the deceased from the street to the adjacent premises, there being no fence or barriers to indicate the east line of the street. This pond was only a short distance from the Mason public school building. No safeguards or danger signals had been put out. It is argued that the foregoing facts create no liability against the city. It is the settled doctrine in this state that it is the duty of a municipal corporation to keep its streets in a reasonably safe condition for use by the public, and if it negligently fails so to do it is liable for the damages resulting therefrom, unless contributory negligence is shown. The city attorney, in his brief, admits such to be the law, and he further concedes that the better and safer rule is that a child using a public street for the purpose of play and amusement is entitled to the same protection as is afforded a person using the street in the ordinary modes of travel. And there can be no doubt of it. As was said by Chief Justice Scholfield, in delivering the opinion of the court in *City of Chicago v. Keefe*, 114 Ill., 222, which was an action to recover for the death of a child, who died from an injury received while rolling a hoop on a defective sidewalk in one of the streets of that city: "There is no limitation in the statute that the streets shall be kept in repair 'for travelers.' They are to be kept in repair as streets, and, by necessary implication, for all purposes to which streets may be lawfully devoted. We assume as self-evident that, with us, streets are open to the use of the entire public as highways, without regard to what may be the lawful motives and objects of those traversing them, that those using them for recreation, for pleasure,

City of Omaha v. Richards.

or through mere idle curiosity, so that they do not impinge upon the rights of others to use them, are equally within the protection of the law while using them, and hence equally entitled to have them in a reasonably safe condition with those who are passing along them as travelers, or in the pursuit of their daily avocations.   *   *   *
In crowded cities their use for pleasure, and sometimes even for the promotion of health, may be regarded as a public necessity.   On like principle, why may they not be used by children in play and amusement, so long as the rights of others being on or passing along the street shall not be prejudiced thereby?   We can perceive no reason. Such use is certainly the universal custom." In passing upon a motion for a rehearing the court, in the opinion, say: "A child may lawfully be upon the sidewalk for pleasure only,—that is to say, for play,—and the city owes the same duty to have a sidewalk in a reasonably safe state of repair, in respect of it, that it does in respect of those who are on the sidewalk passing to or returning from their places of business or abode."

A case quite analogous in principle to the one at bar is *City of Chicago v. Hesing*, 83 Ill., 204.   That was an action to recover damages for the death of a child about four years old.   The third paragraph of the syllabus reads thus: "It is gross negligence on the part of a city to leave a ditch, filled with water, about five feet deep, in a public and frequented street bordering on a sidewalk without any guards to prevent children from falling into the same, and if a child is drowned by falling into the same the city will be liable." The same principle was held and applied in *Village of Carterville v. Cook*, 129 Ill., 152; *Brennan v. City of St. Louis*, 92 Mo., 482; *City of Indianapolis v. Emmelman*, 108 Ind., 530; *Nichols v. City of St. Paul*, 44 Minn., 494; *Hawley v. City of Atlantic*, 60 N. W. Rep. [Ia.], 519; *Reed v. City of Madison*, 83 Wis., 171; *City of Pekin v. McMahon*, 39 N. E. Rep. [Ill.], 484; *Gibson v. City of Huntington*, 38 W. Va., 177.

As to the authorities cited by the city attorney, it is

sufficient to say that they are not based upon facts similar to those before us, hence an extended review would be useless. It was the duty of the city to have constructed the sewer and street in question in such a manner as to provide a proper and adequate outlet for the water that might have been reasonably expected to come down this ravine. In failing to do so the city authorities were guilty of negligence. That such negligence was the direct and proximate cause of the death of young Weston is established to a moral certainty. It is quite immaterial whether he was drowned in the water in the street or on the adjacent premises, in close proximity to the street, since the negligence of the city caused the accumulation of the water, consisting of a single body extending nearly one-fourth the distance across the street to the abutting properties, and further, that the raft containing the deceased floated from the street upon properties abutting thereon. Whether the deceased was guilty of such contributory negligence as to defeat a recovery was for the jury to determine from all the facts and circumstances. The same degree of care and judgment could not be expected of a boy of his age as of an adult person. The facts, as disclosed by this record, are ample to sustain the verdict.

Complaint is made in the brief of the city of the third, sixth, and seventh instructions contained in the charge of the court. Plaintiff below contends that these instructions cannot be considered, for the reason no proper exceptions were taken in the trial court. The record shows the following exception: "And now comes the said defendant, the City of Omaha, before the jury has retired to consider their verdict, and objects and excepts to the giving of instructions 3, 4, 5, 6, 7, 8, and 9 contained in the general charge of the court, and objects and excepts to the giving of each of said instructions." An exception to instructions *en masse* is insufficient unless they are all erroneous. (*Redman v. Voss*, 46 Neb., 512, and cases there cited.) But this case is not within the rule. The excep-

tion is to each of the paragraphs of the charge specified, and not a general exception to the giving of all of them. It was held in *Aultman v. Martin*, 49 Neb., 103, that an assignment in a motion for a new trial that "the court erred in giving instructions 2, 3, 5, 6, 7, and 8 and each of them, asked for by plaintiff," was sufficiently specific. The same principle applies in the matter of exceptions to the giving and refusing of instructions. It is true *Brooks v. Dutcher*, 22 Neb., 644, and *Walker v. Turner*, 27 Neb., 103, cited by plaintiff, sustains his contention that the exception above set out is not sufficient to allow an examination of the instructions, but those cases upon the question of practice under consideration were expressly disapproved in *Aultman v. Martin, supra*, and will not be followed.

The plaintiff below also contends that error cannot be predicated upon the giving of the instructions, because the assignment in the motion for a new trial relating thereto is insufficient. It is as follows: "Error of the court in giving of the instructions contained in the general charge of the court, numbers 3, 4, 5, 6, 7, 8, and 9, and of giving of each of said instructions." This is not merely an assignment to the instructions *en masse*, but to each one specifically, and is therefore sufficient. (*Aultman v. Martin*, 49 Neb., 103.)

The third, sixth, and seventh paragraphs of the charge of the court, of which the city complains, are as follows:

"3. If you find from all the evidence in the case that the city, prior to the accident which resulted in the loss of the life of said Weston, had taken charge of and had performed work and labor upon Twenty-fifth street so as to open the same up for use and travel thereon by the public at and along where the accident occurred, then it was the duty of the city under the law to use all reasonable care and diligence in keeping and maintaining said street thereafter so as to keep said street in a safe condition for the use of the public, and any negligence on the part of said city to so keep said street in a safe condition

at all times thereafter for the use of the public would render the city liable if because of such failure an injury results to any one who has occasion to use said street."

"6. You are further instructed that it is in law the duty of the city to so construct its streets as to make the same safe for the traveling public, and also that children may be upon the same with safety.

"7. If you find from all the evidence in the case, and by a preponderance thereof, that because of the negligence of the city in not providing suitable escapes for the water ordinarily flowing down the ravine and creek, or either said water was allowed and permitted to accumulate at the point where said accident occurred, and also upon Twenty-fifth street, making said Twenty-fifth street unsafe for children to be upon said street, then the fact, if it be a fact, that said accumulation of water extended also upon property not in said street would not be material, and it would not be material whether said Weston was in fact drowned in the water in the street or on property adjacent to said street, providing the water in the street and on the adjacent property where such drowning may have occurred constituted one body of water, and provided such drowning was caused by the negligence of the city as hereinbefore explained."

It is conceded by the city that the first two instructions quoted correctly state the law as to the duty of the municipal authorities to keep the streets in safe condition for the use of the public. The only complaint made is that they are not applicable to the facts in the case. This criticism is not merited. The negligence imputed to the city consisted in allowing this pond of water to accumulate in a public street used as a thoroughfare without providing any barriers or signals of danger, and it was entirely proper for the court to inform the jury as to the duty of the city in keeping its streets in safe condition for the use of the public. It was negligence on the part of the city to leave the pond of water unguarded, knowing that children would be attracted to such a place.

These instructions were entirely proper.   The part of the seventh instruction criticised is the statement therein that "it would not be material whether said Weston in fact drowned in the water on the street or on property adjacent to said street."   This language correctly stated the rule of liability as applicable to the case made by the proofs, according to the authorities.   It would have been different if the pond had been entirely upon private property and not in close proximity to a street.   In such case there would be no liability upon the city, since it would have been guilty of no breach of duty.   It is undisputed that this pond of water extended into the street, and the city cannot escape liability merely because the drowning occurred upon the adjacent premises.   A reversal cannot be had for the giving of the language quoted for another reason.   The city requested, and the court gave, an instruction of like import, although couched in different language, which reads as follows: "You are instructed, gentlemen of the jury, that it is immaterial whether the deceased, George Bertram Weston, came to his death by falling off the raft he was floating upon the private property of Mr. Connell or within the limits of Twenty-fifth street."   A party cannot complain of an instruction in harmony with one requested by him. (*Campbell v. Ormsby,* 65 Ia., 518; *Dawson v. Williams,* 37 Neb., 1.)

The refusal to give each of the sixteen instructions requested by the city are assigned as error.   It is needless to incumber this opinion by setting out the requests to charge.   We have examined all of them and find that so far as they stated correct principles of law and were applicable to the evidence, they had been covered by the instructions given.   Many of the requests were incorrect, and especially is this true of the first and third.   By the first the court was asked to peremptorily instruct the jury to return a verdict for the city; and by the third, that there could be no recovery if the deceased came to his death by drowning upon the private property of Mr. Connell.   The error in these requests has been sufficiently

indicated by the views already expressed. The requests were all rightly refused.

It is insisted that the court erred in permitting the plaintiff to prove notice to the city of the accident by the introduction of a paper which had appended thereto the name of the plaintiff in typewriting, and also in the admission of certain testimony of the plaintiff. The assignment in the petition is insufficient to present these matters for review, the assignment being in this language:

"28. Error of the court, during the trial, in the admission of testimony over the objections and exceptions of plaintiff in error."

This is too general. Errors must be specially assigned in a petition in error or they will not be considered. (*Smith v. Mason*, 45 Neb., 610, and cases there cited.)

It is finally urged that the damages are excessive. We decline to interfere with the verdict on this ground. No precise rule for ascertaining damages in such cases can be stated. The amount of compensation must be determined from the facts and circumstances of each particular case. Under the evidence adduced, the amount awarded by the jury is not so excessive as to call for interference. Verdicts for much larger sums in actions for the death of a child have been frequently sustained by the courts. See cases cited in brief of plaintiff below. The judgment is

AFFIRMED.