## C. L. HOLLY *vs.* H. A. BENNETT and others.

### June 29, 1891.

Negligence—Piling Lumber in Street—Injury to Child—Pleading.—
Complaint for damages resulting from injury to minor child, caused by
the fall of a stick of timber from defendants' lumber pile, alleged to have
been carelessly and insecurely constructed in the street, *held* to state a
cause of action.

Evidence—Ordinance of Minneapolis.—By the charter of the city of Min-
neapolis, the book purporting to contain the ordinances of the city, and
to be published by its authority, is made *prima facie* evidence of such or-
dinances, and no foundation need be laid for the introduction thereof in
evidence.

Same.—An ordinance forbidding the incumbering of the streets of the city
with lumber, *held* properly received on the trial.

Same—Complaints by Injured Person.—Evidence of complaints indica-
tive of suffering, by a party who has received severe personal injuries,
may be received in evidence on the question of damages.

Evidence *held* sufficient to sustain the verdict.

Appeal by defendants from an order of the district court for Hen-
nepin county, *Lochren,* J., presiding, refusing a new trial after ver-
dict of $500 for plaintiff, who brought the action to recover for per-
sonal injury to his child, a boy of six years.

*Little & Nunn,* for appellants.

*Simpson & Lang,* for respondent.

VANDERBURGH, J.   The complaint sets forth a cause of action
against defendants for their alleged negligence in erecting a pile
of lumber in the public street so carelessly and insecurely that a
large stick of timber fell off upon the plaintiff's infant son, who was
lawfully in the street, causing the damage and injury complained
of.   The complaint is sufficient, as against a motion to exclude evi-
dence under it at the trial.   It sufficiently appears thereby that de-
fendants were the proprietors of the lumber-yard, and were responsible
for the manner in which the lumber was piled.

It was entirely proper to show by witnesses who knew the location of the street that the piles of lumber in question were on or in the street where children were accustomed to play, and where they might lawfully be; and the testimony in plaintiff's behalf shows that there were many children in the vicinity who frequented the locality.

If there was any error in admitting in evidence the ordinance of the city against incumbering the streets, we judge that it must have been without prejudice. It is additional evidence that the use of the street was unauthorized, and could not be justified by the ownership of the adjacent lots. As the book or pamphlet purporting to be published by the authority of the city, and to contain the ordinances of the city, is made by the charter *prima facie* evidence thereof, the objection that no foundation was laid for the introduction of the ordinance was insufficient. No foundation or preliminary testimony is required for that which is made *prima facie* evidence. We must presume, in the absence of any further showing, that the court properly determined the competency of the evidence upon inspection of the record before it.

The lad's mother testified, under objection, that he complained a good deal of his limb at night. The evidence was properly received. It is what is called "natural evidence" of suffering. Its value and importance will depend largely upon the circumstances of each case, and may be tested by the cross-examination. *Kennard* v. *Burton,* 25 Me. 39, 46; 1 Greenl. Ev. § 102.

Upon a careful examination of the record, we find that the only other assignment of error of sufficient importance to merit attention is as to the sufficiency of the evidence to establish the alleged negligence of the defendants. Upon this issue the evidence is not strong or persuasive, but we think there was enough to go to the jury. It was the duty of the defendants to exercise reasonable care in erecting their lumber piles along a street where children or others were likely to pass or congregate, and the measure of their responsibility was the extent of danger to be apprehended, under the circumstances of the case. The evidence tends to show that the boy was found between two lumber piles, (which were built over into the street,) under a stick of timber which had fallen on him and broken his leg. Wit-

nesses familiar with the locality stated that the top timbers were carelessly piled, and that the "inside pile was piled very carelessly." The defendant himself testified that he expected the children would get hurt there, and that he had tried to frighten them away. One witness testified that "there were some sticks lying across the piles,— one or two that had fallen down; one of them had fallen on the boy's leg." Without referring further to the evidence, it is sufficient to say that there was evidence enough to make a case for the jury, and this court will not assume to set the verdict aside.

Order affirmed.