RALPH HAMILTON, BY HIS NEXT FRIEND, v. THE CITY OF DETROIT.

*Municipal corporations—Defective streets.*

The liability of a city is coextensive with its duty respecting the ordinary use of its public streets, but such liability cannot be extended beyond that limit, where a child, attracted by the machinery employed in the construction of a public sewer, is thereby induced to climb upon or over the barriers or guards into the excavation; it appearing that that portion of the street was closed against travel, and guarded against accident to persons in the ordinary use of the same.

Error to Wayne. (Lillibridge, J.) Submitted on briefs April 18, 1895. Decided May 28, 1895.

Negligence case. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Charles C. Stewart* (*S. O. Van De Mark,* of counsel), for appellant.

*John J. Speed,* for defendant.

McGRATH, C. J. Defendant had let to one Porath the contract for the construction of a public sewer in

Wabash avenue. Porath, for the purpose of enabling him to tunnel, had put down a shaft about 6 feet square, and over it had erected a derrick. On the north side of the derrick a platform had been erected, some 5 or 6 feet from the street level, extending north 30 feet. The clay was elevated in buckets to a point above the platform, and then dumped into a light car. The car was then run along the platform, and the earth dumped over the side of the platform. Plaintiff, who was about five years old, after work had ceased for the day, had climbed up to the top of the platform, and, while playing with the car, fell from the south end of the platform down into the shaft, and was injured.

That part of the street was closed against travel, and guarded against accident to persons in the ordinary use of the street. The injury cannot, therefore, be said to have resulted from a defective condition of the street, or from a failure to guard the excavation against injury to persons using the highway. In this respect the case differs from *City of Detroit v. Corey*, 9 Mich. 164. In *Storrs v. City of Utica*, 17 N. Y. 104, cited in support of that opinion, the liability of the city is put on the ground of its duty to keep the streets in repair. In *Bailey v. City of New York*, 3 Hill, 531, the dam which gave way was owned by the city.

In *Lesher v. Navigation Co.*, 14 Ill. 85, the company was authorized by its charter to enter upon plaintiff's land, and take therefrom material for the construction of its works, by making compensation therefor, and the court held that the privilege which the charter conferred upon the company devolved upon the contractors for the same purpose; in other words, that the company could not, by an agreement with the contractors that the latter should furnish the material, authorize such contractors to enter upon plaintiffs' land, and take the material, and deprive the owners of the material of the right to claim compensation therefor from it. The contractors' justification, in an action against them for trespass, would

have been the authority conferred upon the company, and, so far as plaintiffs were concerned, the taking was by the company under the authority so conferred. In no sense was the agency a general one, so as to make the company liable for the debts or torts of the contractors.

In the Corey case the Court held that the city took its power with the understanding that it should be so executed as not unnecessarily to interfere with the rights of the public in the streets, and that all needful and proper measures would be taken, in the execution of the power, to guard against accidents to persons lawfully using the highways. The liability of the city is coextensive with its duty respecting the ordinary use of the highway, but cannot be extended beyond that limit to a case like the present, where a child had been attracted by the machinery employed in the construction or operation of the work, and thereby induced to climb upon or over the barriers or guards, into the excavation. This conclusion renders it unnecessary to consider the other questions raised.

The judgment is affirmed.

The other Justices concurred.