GEORGE A. BARRETT v. VILLAGE OF PRINCETON.
LOUIS E. JESMER v. VILLAGE OF PRINCETON.[1]

December 8, 1916.

Nos. 19,953—(100).

**Municipal corporation — open trench in street — question of defendant's negligence.**

The plaintiffs' intestates, boys about seven years of age, were killed by the caving in of a sewer trench which the defendant village was constructing through the center of one of its principal streets. The trench was left open and uncurbed for a time during the course of construction. The soil was sandy and liable to cave. The boys were on the street for play. Close by was the court-house yard which they used as a playground. Boys came to the trench at times. All this the contractor in charge knew. When seen they were always warned away. At the time of the accident no one saw them. It is *held* that the boys, though using

[1]Reported in 160 N. W. 190.

the street for purposes of play, were not trespassers; that the defendant was liable if negligent; but that under the evidence it was not negligent and the action was properly dismissed by the court.

Two actions in the district court for Mille Lacs county, one by the administrator of the estate of William Otis Barrett, deceased, and the other by the administrator of the estate of Willard J. G. Jesmer, deceased, to recover $7,500 for the death of each decedent. The separate answers, among other matters, alleged that the accident resulting in the death of decedents was caused by the negligence of their parents in permitting decedents to be at the place where they were when injured without any care on their part. The cases were tried before Parsons, J., who when plaintiffs rested granted defendant's motion to dismiss the actions upon the ground that no sufficient showing of actionable negligence on the part of defendant had been made. From an order denying their motion for a new trial, plaintiffs appealed. Affirmed.

*Samuel A. Anderson,* for appellants.

*McLaughlin & McLaughlin,* for respondent.

DIBELL, C.

Two actions against the village of Princeton, tried together, for damages for the death of the plaintiffs' intestates alleged to have been caused by the negligence of the village. At the close of the testimony they were dismissed on motion of the defendant. The plaintiffs appeal from the order denying their motion for a new trial.

The defendant village was engaged in constructing a public sewer in the center of First street. An excavation something like 2½ feet wide and 7 feet deep was made. The soil was sandy and loose with a thin crust on top and had a tendency to cave. In the course of the work curbing was used. There were three lengths of 16 feet each. When the sewer pipe was laid in the portion of the trench protected by this curbing, it was taken out and used in the trench further on. The trench was then partially but not wholly filled with earth. The reason for filling only partially was that water had to be used to get the earth packed solidly, and if used at once it injured the cement joints of the sewer pipe. Some time in the afternoon of July 19, 1915, the son of the plaintiff Barrett and the

son of the plaintiff Jesmer, each about 7 years old, got into the trench where it was uncurbed and were buried by a cave-in and killed.

The court house was diagonally opposite and boys were accustomed to play in its yard. At times boys came down to the excavation. When seen they were warned or driven away by those on the work. On the day of the accident the two boys and others had been playing in the court-house grounds and came from there to the trench and played about it. They threw stones from one side to the other and passed back and forth over it at a point where it was filled nearly to the top. Finally all went away. The two who were killed went together. No one saw them afterwards and no one saw the accident. They were found the next morning buried in the trench and dead. There had been a cave-in.

The street was open on either side of the trench for use by teams and there were sidewalks at the property line. The boys were using the street for purposes of play. The city knew that boys came there. For purposes of strict travel the street so far as appears was reasonably safe—at least no one was hurt when using it solely for travel. The plaintiffs claim that the village, having knowledge that boys were likely to come to the trench and did come there, was negligent in leaving it uncurbed or in failing to guard it or use some efficient means of protection. Of course, it is not claimed that there was actionable negligence in the method of construction. The claim is that there was negligence, in view of the situation, in leaving the trench uncurbed without further protection. The defendant claims that it owed no greater care than it exercised to those making a playground of the street.

Some carefully considered cases hold that a municipality, keeping its streets reasonably safe for public travel, is not liable to those injured while making use of them for play, at least unless such use is merely incidental to travel. Blodgett v. City of Boston, 8 Allen, 237; Tighe v. City of Lowell, 119 Mass. 472; Stinson v. City of Gardiner, 42 Me. 248, 66 Am. Dec. 281; McCarthy v. City of Portland, 67 Me. 167, 24 Am. Rep. 23; Reed v. City of Madison, 83 Wis. 171, 53 N. W. 547, 17 L.R.A. 733; Collins v. City of Janesville, 111 Wis. 348, 87 N. W. 241, 1087; Hamilton v. City of Detroit, 105 Mich. 514, 63 N. W. 511. Other cases, adopting a more liberal rule, recognize the use of streets for recreation and play to be proper and not at all in the nature of a trespass, and treat the muni-

cipality as owing to persons so using them a duty of care. City of Indianapolis v. Emmelman, 108 Ind. 530, 9 N. E. 155; Corbin v. Philadelphia, 195 Pa. 461, 45 Atl. 1070, 49 L.R.A. 715, 78 Am. St. 825; City of Omaha v. Richards, 49 Neb. 244, 68 N. W. 528; Gibson v. City of Huntington, 38 W. Va. 177, 18 S. E. 447, 22 L.R.A. 561, 45 Am. St. 853; Waverly v. Reesor, 93 Ill. App. 649; City of Chicago v. Starr, 42 Ill. 174, 89 Am. Dec. 422; Hawley v. City of Atlantic, 92 Iowa, 172, 60 N. W. 519. In our judgment the latter rule is the better one. The trial court was right, even in view of this rule, in holding that negligence was not shown and in directing a dismissal. It is difficult to understand what greater care should have been exercised. It is true that the city knew that boys used the court-house yard as a playground and that they occasionally came to the excavation to play. On such occasions they were warned away. They were not likely to be there long without being seen. The trench was left uncurbed for only a few hours. It was only a temporary condition. In the regular course of the work it was soon filled. The village might have left the curbing in until the filling was done. It might have kept a guard constantly in attendance to warn intruders away. It would have been possible to cover the trench or put up barriers. But should a jury be permitted to find that an ordinarily careful person in charge of the work would have done more than warn away the boys when they occasionally came? We think not. The case of Emerson v. Peteler, 35 Minn. 481, 29 N. W. 311, 59 Am. Rep. 337, is instructive though not controlling. There a child got on a dump-car used by the defendant in grading a street, and fell or was thrown off and was killed. The child was not seen at the time. When children came about they were warned away. The court, holding that there was no actionable negligence, said: "The only ground upon which negligence is predicated in this case, as we understand it, is the failure of the defendant to provide better police supervision of the movements of the cars, in order to prevent children from boarding them under the temptation to ride. * * *

"But the duty which defendant owed these children was not to keep constant watch, or to use extraordinary care to prevent their approach, but, when discovered in the exercise of ordinary care, to use proper diligence to prevent any injury to them."

We think that under the evidence a jury should not be permitted to say that the defendant was negligent in not exercising greater precautions.
    Order affirmed.