# JERRY ZNIDERSICH v. MINNESOTA UTILITIES COMPANY.

## JERRY ZNIDERSICH, AS FATHER OF FRANK ZNIDERSICH v. MINNESOTA UTILITIES COMPANY.[1]

April 27, 1923.

Nos. 23,374, 23,375.

**Owner of dangerous appliances attractive to young children liable.**

1. The rule that one who keeps and maintains upon his premises dangerous instrumentalities likely to attract children of tender years in play is liable to a child thus attracted and injured, followed and applied.

**Rule applied when situated on a highway.**

2. The rule has greater merit as applied to alluring and attractive instrumentalities maintained upon a public street or highway, and readily accessible to children without trespassing upon private inclosed premises.

**Applied to poles carrying uninsulated electric wires.**

3. It applies to poles placed and maintained in a public highway adjoining an unfenced tract of land used as play ground for children, upon which are strung heavily charged uninsulated electric wires at the top, the poles being equipped with permanent contrivances serving the purpose of a ladder for climbing the same, and being out in the open and in no way guarded or otherwise protected from free interference by children or others.

**Verdict sustained.**

4. The evidence supports the verdict.

Two actions in the district court for St. Louis county, one by the father to recover $1,269, and the other to recover $10,000 in behalf of the minor. The cases were tried together before Hughes, J., and a jury which returned verdicts for $277 and $2,812.50, respectively. Defendant's motions for judgments notwithstanding the verdicts

[1]Reported in 193 N. W. 449.

were denied. From the judgments entered pursuant to the verdicts, defendant appealed. Affirmed.

*Hoke, Krause & Faegre* and *Tracy J. Peycke,* for appellant.

*Giblin & Manthey,* for respondents.

BROWN, C. J.

These two actions, one by the father for expense incurred for medical and hospital treatment of his minor son for injuries alleged to have been caused by the negligence of defendant, the other by the father in behalf of the son, were consolidated and tried together in the court below with a verdict for plaintiff in each. Defendant subsequently moved for judgment notwithstanding the verdicts, which was denied. Judgment was rendered on the verdicts from which defendant appealed.

The only question presented is whether the evidence made a case for recovery by plaintiff within the rules of law applicable to the facts. We answer it in the affirmative and in harmony with the verdict of the jury.

It appears that defendant owns and maintains a line of electric transmission extending between certain towns and villages in the northern part of the state, consisting of wires strung in midair on poles some 30 feet high; the wires being charged with different degrees of electrical energy in transmission from place to place. The line as here involved extends along a public highway, traveled and used by the public generally, and the poles supporting the wires stand on the south line of the roadway. The line passes what is termed in the record as the "Spruce location," indicative of the presence of mining operations. A number of people, including children, reside at the place. Near the location and adjoining the highway on the south is a 5-acre tract of unoccupied land, much used by children of the vicinity as a playground. On the day here in question, plaintiff, a boy of 12 years of age, was upon and about this playground, with other boys of about the same age, flying a kite as a method of amusement. The kite got away from him and was taken by the wind toward the line of electric wires; the string attached

thereto being caught in the topmost of the wires, at a point immediately above and in line with the pole to which they were attached. It could be recovered only by climbing the pole to the top and there releasing it from the wire. This plaintiff attempted; he climbed the pole and in reaching his hand and arm between the heavily charged wires, which were uninsulated, received a charge of electricity causing the injuries of which complaint is here made.

As already stated the pole was in the highway immediately adjacent to the playgrounds, which were not fenced. It was supplied with facilities for climbing the same by workmen in the employ of defendant, in the shape or form of iron pegs driven into each side a given distance apart, from near the ground to the cross-bars holding the wires in place, thus forming a permanent ladder up which any person might ascend the pole. It was used by plaintiff in going after the kite. It stood out in the open with no guards or barriers surrounding it to keep children playing upon the adjacent grounds from climbing it, nor were any warning signs of danger attached to the pole, or otherwise displayed. In the condition described it stood as an implied invitation or temptation for the indulgence of the youthful habit of boys to climb whatever may be within reach when at play. It is not claimed that plaintiff, 12 years of age, was guilty of contributory negligence, and it stands conceded that the evidence justified the submission to the jury of the question whether defendant was chargeable with notice of the habit of young children to resort to the vicinity in play. The sole contention in support of the appeal is that the evidence fails to establish actionable wrong against defendant.

The facts bring the case within the rule, applied by the prevailing weight of authority, that one who keeps and maintains upon his premises dangerous instrumentalities or agencies likely to attract children of tender years in play, or permits such conditions to remain thereon with the knowledge that children are in the habit of resorting thereto for amusement and pastime, is liable to a child who is injured therefrom. The rule is stated in varying language by the different courts, but to the effect stated. 20 R. C. L. 80; Davidson

v. Otter Tail Power Co. 150 Minn. 446, 185 N. W. 644; Mattson v. Minnesota & N. W. R. Co. 95 Minn. 477, 104 N. W. 443, 70 L. R. A. 503, 111 Am. St. 483, 5 Ann. Cas. 498. The courts are not in full accord upon the question of legal liability in such case, but the rule stated has been followed in this state since the decision of Keffe v. Milwaukee & St. Paul Ry. Co. 21 Minn. 207, 18 Am. Rep. 393.

It applies with special merit to attractive nuisances, dangerous instrumentalities and appliances placed and maintained by the owner, as in the case at bar, upon the public streets and highways at points readily accessible to children of tender years seeking places of recreation and amusement. 20 R. C. L. 85; Rothenberger v. Powers F. F. T. & S. Co. 148 Minn. 209, 181 N. W. 641; Iamurri v. Saginaw City Gas Co. 148 Mich. 27, 111 N. W. 884; Busse v. Rogers, 120 Wis. 443, 98 N. W. 219, 64 L. R. A. 183; Rachmel v. Clark, 205 Pa. 314, 54 Atl. 1027, 62 L. R. A. 959; Kelly v. Southern Wis. Ry. Co. 152 Wis. 328, 140 N. W. 60, 44 L. R. A. (N. S.) 487; O'Leary v. Michigan State Tel. Co. 146 Mich. 243, 109 N. W. 434; Harper v. Kopp, 73 S. W. 1127, 24 Ky. L. R. 2342; Branson's Ad'mr v. Labrot, 81 Ky. 638, 50 Am. Rep. 193; Spengler v. Williams, 67 Miss. 1, 6 South. 613. The differentiating element is found in the fact that the child injured has as much right in the street where the alluring instrumentality is maintained as the owner thereof, thus removing in a substantial way the element of unquestioned trespass necessarily presented where private property and premises are invaded. Barrett v. Village of Princeton, 135 Minn. 56, 160 N. W. 190. The only element of trespass in the case where a public street is thus occupied is found in the technical wrong of the child in attempting to play with the offending attraction. And that act the jury may excuse, in the particular case, depending upon the alluring character of the article and the age and discretion of the child, with less hesitation perhaps than where there has been an actual invasion of the inclosed premises of another.

This covers the case. The evidence presented issues of fact for the jury, and the verdict is fully supported.

Judgment affirmed.