DONALD MERLE GIMMESTAD, ALSO KNOWN AS DONALD MERLE PREISS, v. ROSE BROTHERS COMPANY, INC. AND ANOTHER.[1]

May 31, 1935.

No. 30,399.

[1]Reported in 261 N. W. 194.

*Robb, Rich & Reynolds,* for appellants.

*Irving H. Green, H. Z. Mendow,* and *Robert J. McDonald,* for respondent.

JULIUS J. OLSON, JUSTICE.

In this, a negligence case, plaintiff prevailed below. The action was brought by Alice Preiss, as mother and natural guardian of her minor son Donald, who was five years of age at the time of the accident which furnishes the basis for the alleged cause. Defendants were unsuccessful upon their motion for judgment notwithstanding, and they have appealed from the judgment thereafter entered.

The evidence in the case would justify a jury in finding the following facts: Defendants are engaged in the business of wrecking buildings and other structures. The place where building material, such as lumber, brick, and other articles salvaged from their wrecking operations, was sorted and stored is the block occupying the space between Fourth avenue on the north, Fremont avenue on the east, Glenwood avenue on the south, and Girard avenue on the west in north Minneapolis. Only a part of this real estate is owned by defendants. The rest of the area is used by them under some arrangement with the owners. Not only was the space aforesaid used and occupied by defendants for the piling and depositing of lumber, brick, and other building material, but was also used for storage of considerable quantities of machinery, automobile and truck bodies, culverts, and other property. The building material was placed upon this property in piles of irregular sizes and shapes and of decidedly uncertain stability. Workmen employed by defendants sorted these various items of material, salvaging what was worth-

while and discarding the worthless. In so sorting this material there was necessarily a considerable amount thrown aside or imperfectly piled. Because of the location of this property and the use to which it was put, children were accustomed to gather there in play. There were several paths and short-cuts across portions of the block not actually occupied by defendants' material. That defendants were apprehensive of danger to children appears from the evidence of their own witnesses who testified that they frequently chased the children off the premises. In fact they engaged a watchman who lived in the neighborhood to keep a watchful eye upon this property and to keep children away so as to avoid possible danger to them. Sundays in particular were the "days of real sport" for children of the neighborhood to come together for play upon this property. The injured boy involved in the present case was playing with three other children about his own age. They climbed upon and over a pile of insecurely placed lumber. Three of the children had gotten over the pile before it slid over, but the infant plaintiff suffered injuries of such nature and to such extent as to leave free from criticism here the amount of recovery. Liability was predicated upon the theory that defendants failed to exercise reasonable care in piling their lumber and other material; that defendants knew that this location was used extensively by children who came there to play; that notwithstanding such knowledge they failed to fence or otherwise guard the premises against children who would naturally be attracted to this spot because of its location and by reason of the kind, nature, and extent of the business being operated by defendants thereat. Other charges of negligence were made, but for our purpose these may be disregarded.

When the parties rested defendants moved for an instructed verdict upon the alleged ground that no actionable negligence had been shown. The court submitted the case to the jury upon the theory that if defendants failed to exercise reasonable care in operating and maintaining their premises and if by their conduct they had permitted children to be and to play upon the premises, under the circumstances hereinbefore related, the jury might find defendants liable in damages. But such liability could not be imposed unless

the injured child came upon the premises "by invitation, either direct or implied, with the knowledge and consent of defendants." Plaintiff sought to bring the case within the attractive nuisance doctrine, but it was not submitted to the jury upon that theory. The only basis for liability submitted to the jury was failure on defendants' part to use reasonable care in view of the circumstances. So the question is squarely presented: Do the facts above related justify a finding of actionable negligence?

■ The review here is limited to a very narrow field. The rule is well settled that when "defendant rests upon its motion for judgment without asking for a new trial, errors at the trial, whether in the rulings or in the instructions to the jury, cannot be reviewed or considered. The only question for consideration is whether it clearly appears from the record that plaintiff is not entitled to recover." Smith v. Gray Motor Co. 169 Minn. 45, 46-47, 210 N. W. 618, 619; Thom v. N. P. Ry. Co. 190 Minn. 622, 252 N. W. 660; 3 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 5085; Eichler v. Equity Farms, Inc. 194 Minn. 8, 259 N. W. 545; Oxborough v. Murphy T. & S. Co. 194 Minn. 335, 260 N. W. 305.

■ "The question is one of negligence,—whether particular circumstances gave rise to a duty which had not been performed." Best v. District of Columbia, 291 U. S. 411, 419, 54 S. Ct. 487, 490, 78 L. ed. 882, 887. We think the jury could well find that this kind of material (placed on a lot bounded by public streets on all four sides and over which were several diagonal paths used by children and adults alike) constituted an alluring and enticing bait—a temptation more compelling than an invitation, and as such would naturally attract children and cause them to drift away from the paths of safety to those of imminent danger.

"While 'temptation is not invitation, it may be held that knowingly to establish and expose, unfenced, to children of an age when they follow a bait as mechanically as a fish, something that is certain to attract them, has the legal effect of an invitation to them although not to an adult.'" Here the duty of defendants must necessarily "find its source in special circumstances in which, by

reason of the inducement and of the fact that visits of children to the place would naturally be anticipated, and because of the character of the danger to which they would unwittingly be exposed, reasonable prudence would require that precautions be taken for their protection." Best v. District of Columbia, 291 U. S. 411, 419, 54 S. Ct. 487, 491, 78 L. ed. 882, 887.

In the Best case, from which these quotations are made, the court held [syllabus, 78 L. ed. 882, 883]:

"The owner of a wharf, unfenced, close to the street, and with a barrier partly down, upon which children are attracted to play by piles of sand unloaded thereon, may be held liable for the death of a five-year-old child who, while playing there, fell through a hole and was drowned." And there, as here, if the persons in charge of the property [291 U. S. 419] "had reason to anticipate that use, there was a duty to take reasonable precautions either to prevent it or to keep" the premises in such shape and state of repair that children would not be exposed to the danger incident to such use.

Decisions bearing upon this question are too numerous to permit of citation here. Much conflict exists. Even our own cases are difficult to harmonize. 4 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 6989, and cases therein cited furnish a sufficient guide to our own decisions. For annotations on the subject generally see 36 A. L. R. 34; 39 A. L. R. 486; 45 A. L. R. 982; 53 A. L. R. 1344; 60 A. L. R. 1444. For supplemental citations see A. L. R. Blue Book, p. 667, and Cumulative Supp. No. 5, p. 168. See also 18 Minn. L. Rev. 523; 82 U. of P. L. Rev. 67. "So much has been written upon the subject that we shall not attempt to add anything new to the discussion. To review the decided cases is useless, and to reconcile them is impossible." 36 A. L. R. 38, note 3.

There is testimony in the case from which the jury could find that the offending lumber pile was upon or immediately adjacent to the alley running through the block. In Rothenberger v. Powers F. F. T. & S. Co. 148 Minn. 209, 181 N. W. 641, the facts were strikingly similar to those in the instant case and recovery of damages for

injuries to a boy eight years of age sustained. To the same effect is Holly v. Bennett, 46 Minn. 386, 387, 49 N. W. 189. There, as here, liability was imposed upon defendant because "it was the duty of the defendants to exercise reasonable care in erecting their lumber piles along a street where children or others were likely to pass or congregate, and the measure of their responsibility was the extent of danger to be apprehended, under the circumstances of the case."

The idea that the attractive nuisance doctrine involves an invitation or anything akin thereto should be discarded. With the utmost deference to the abundance of distinguished authority that has labored much to justify liability upon the theory of "constructive invitation" (20 R. C. L. p. 82), that invitation, whether express or implied, has nothing to do with the question. It is but a hindrance to correct thinking to consider it at all. It should be clear by now that the phrase "attractive nuisance" indicates no special departure or exception from the ordinary run of negligence cases. It is but a convenient phrase to designate one sort of case within the ordinary rule that one is liable for injury resulting to another from failure to exercise, for the protection of the injured child, the degree of care commensurate with and therefore demanded by the circumstances. The greater the hazard the greater the care required. Nothing more is needed to support the proposition that one who maintains on his premises an artificial condition is liable for resulting injury to young children trespassing thereon if:

"(a) the place where the condition is maintained is one upon which the possessor knows or should know that such children are likely to trespass, and

"(b) the condition is one of which the possessor knows or should know and which he realizes or should realize as involving an unreasonable risk of death or serious bodily injury to, such children, and

"(c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling in it or in coming within the area made dangerous by it, and

"(d) the utility to the possessor of maintaining the condition is slight as compared to the risk to young children involved therein." Restatement, Torts (Tent. Draft No. 4) § 209.

We conclude that the idea of invitation, express or implied, actual or factual, as condition precedent to liability in the case of young children injured as was the plaintiff here, should be finally and emphatically discarded. They are trespassers, but, because of their tender years and the consequent lack of perception and responsibility, liability results notwithstanding the trespass.

■ The action was brought by the mother as natural guardian of her minor son. The title is "Alice Preiss, as mother and natural guardian." When the action is brought in behalf of a minor the minor should appear as plaintiff by his guardian. The title here should therefore be "Donald Merle Gimmestad, also known as Donald Merle Preiss, a minor, by Alice Preiss, as mother and natural guardian," and it is now amended to so read. See Dalsgaard v. Meierding, 140 Minn. 388, 168 N. W. 584; Lund v. Springsteel, 187 Minn. 577, 246 N. W. 116.

Judgment affirmed.

