JEROME BENEDICT WEBER v. SAINT ANTHONY FALLS
WATER POWER COMPANY.
ALBERT MICHAEL WEBER v. SAME.[1]

December 31, 1942.

No. 33,233.

[1]Reported in 7 N. W. (2d) 339.

2

*Ewing & Feidt* and *Thomas Vennum,* for appellants.

*Weyl & Weyl* and *Lystad, Mantor & Strauman,* for respondent.

PETERSON, JUSTICE.

These appeals bring up for review two actions consolidated for trial below. The one is by Jerome Benedict Weber, a minor, by his father as natural guardian, to recover for personal injuries claimed to have been sustained as a result of defendant's negligence. The other is by the father for damages for expenses incurred as a result of his son's injuries. In each case the verdict was for plaintiff. The court below ordered judgments notwithstanding the verdicts in favor of defendant. Plaintiffs appeal.

The accident occurred on August 21, 1939, upon Hennepin Island in the Mississippi River. The island lies just south of the Third avenue bridge in Minneapolis. It is occupied and used by defendant in connection with the maintenance and repair of its water-power development at St. Anthony Falls. Access to the island is normally gained from the east bank by means of three bridges. One is of wood and owned by the city. The other two are of concrete and are owned by defendant.

The evidence amply supports findings that during the years 1938 and 1939 the island was frequented, to defendant's knowledge, by boys from about 8 to 15 or 16 years old; that defendant knew that the island was a dangerous place for boys to be spending their time; that keeping boys off the island was a problem

so far as defendant was concerned; and that defendant installed a steel gate topped with barbed wire at the end of the bridge which connected with the island for the purpose of keeping boys off its premises. It also put up some signs with the words "Private Property, No Trespassing," and another on a shed housing some machinery with the words "Danger, Keep Out."

The gate in question was adequate, if kept closed, to exclude trespassing boys; but it was not kept closed. Defendant's workmen were provided with keys to unlock the gate. Apparently they did not keep the gate locked while they were working on the island. During such times boys gained access to and frequented the island.

On August 21, 1939, the minor plaintiff, a boy then eight years of age living with his parents in northeast Minneapolis, about one mile distant from the island, in company with two other boys, was on the Third avenue bridge. From that vantage point they saw the island with its grass and trees, and defendant's workmen engaged in repairing an apron on a dam which extends across the entire river bed. They decided to go to the island. This they proceeded to do by passing along public streets and over the three bridges above mentioned. Except for the "No Trespassing" signs, there was nothing to indicate to the boys that they were entering upon defendant's property. The minor plaintiff testified that he thought that the sign on the shed housing machinery was intended to warn persons only against entry therein.

The gate at the end of the bridge leading to the island was open. A bicycle was parked there and there was no guard. They met another boy—perhaps two of them—on the island. The activities of the boys while on the island consisted of watching defendant's workmen at their work (the evidence was that they came close enough to the workmen to touch them), playing in the water catching crabs, and wading and pushing logs around. Then they put on their shoes and stockings, which they had removed, to go home. At this juncture they met a young man who was on the island taking pictures with a camera. He told them that if they

would go up on a pile of lumber he would take their picture. The other boys started up first, followed by the minor plaintiff. While he was ascending, a plank was loosened and caused to fall upon and injure him.

The pile of lumber consisted of planks 12 inches wide, 4 inches thick, and 16 feet long, used by the workmen to repair the apron. It was delivered from the lumberyard by an automobile truck which unloaded the entire pile in one operation by sliding it off the truck upon some pieces of timber placed on the ground. There were no crosspieces in the pile to give it rigidity and stability. The workmen took planks from the pile as convenient. Because of removal of planks, the pile had a stairlike effect, up which the boys went. Also, because of the removal of planks and the manner in which they were piled without cross bracing, the pile was likely to fall if tampered with.

In granting judgment *non obstante* the court below was of the opinion that the evidence did not support a finding of negligence because of the fact that the boys were not attracted to the island by anything in particular, much less the pile of lumber, which constituted the particular dangerous condition which caused the minor's injuries.

■ The principles applicable here were stated and clarified recently in Gimmestad v. Rose Brothers Co. Inc. 194 Minn. 531, 261 N. W. 194, where we held, in accordance with the Restatement of Torts, that a possessor of land is liable to trespassing children where (1) the possessor knows or should know that the place is one where children are likely to trespass; (2) a condition maintained upon the premises involves an unreasonable risk of harm to such children; (3) the particular child injured by such condition did not understand and appreciate the risk incident thereto; and (4) the utility to the possessor of maintaining the condition is slight as compared with the risk of harm to children.

In subsequent cases we have adhered to the principles announced in the Gimmestad case. Middaugh v. Waseca Canning Co. 203

Minn. 456, 281 N. W. 818; Keep v. Otter Tail Power Co. 201 Minn. 475, 277 N. W. 213. See Ekdahl v. Minnesota Utilities Co. 203 Minn. 374, 281 N. W. 517.

The evidence here made defendant's liability under the rules stated a fact question for the jury. Recapitulating, there was evidence that boys of the minor plaintiff's age and older were wont to trespass on the island with defendant's knowledge; that the timbers, piled as they were and apt to fall by the action of boys climbing thereon, involved an unreasonable risk of harm to such boys (see the Gimmestad case, where a possessor of land was held liable to a trespassing boy injured while climbing on lumber so piled) ; that the minor plaintiff did not understand and appreciate the risk of harm incident to climbing on this particular pile of lumber; and that the utility to defendant of maintaining such a condition as compared with the risk of harm to trespassing children was slight, for the reason that boys could have been kept off the premises simply by keeping the gate closed or by having workmen chase them off its premises.

■ It is not necessary, as the court below held, that the child trespassed because of the attractiveness of the particular condition. It is enough that the possessor knows or should know that children are likely to trespass on his land and that they will be exposed, if they do trespass, to risk of harm by maintenance of the condition. In Restatement, Torts, § 339, comment on clause (a), it is said:

"(a) It is not necessary * * * that the child's trespasses shall be due to the attractiveness of the condition. It is sufficient * * * that the possessor knows or should know that children are likely to trespass upon a part of the land upon which he maintains a condition which is likely to be dangerous to them because of their childish propensities to intermeddle or otherwise. Therefore, the possessor is subject to liability to children who after entering the land are attracted into dangerous intermeddling by such a condition maintained by him although they were ignorant of its exist-

ence until after they had entered the land, if he knows or should know that the place is one upon which children are likely to trespass and that the condition is one with which they are likely to meddle."

It was error to grant judgment notwithstanding the verdict. Reversed with directions to reinstate the verdict in each case.