FRANCIS SCHMIT, BY MICHAEL H. SCHMIT, HIS FATHER
AND NATURAL GUARDIAN, v. VILLAGE OF
COLD SPRING.[1]

February 18, 1944.

No. 33,567.

[1]Reported in 13 N. W. (2d) 382.

*F. W. Russell* and *Atwood & Quinlivan,* for appellant.
*Phillips & Sherwood,* for respondent.

LORING, CHIEF JUSTICE.

This is an appeal from an order denying defendant's motion for judgment or a new trial. The sole question presented for decision is whether there was negligence on the part of defendant.

The action was brought to recover damages for personal injuries to plaintiff, a six-year-old boy, who was burned by an open flare that had been placed as a warning in front of an open trench in one of defendant's streets. A water main was being laid in a residential street, the work being done as a WPA project. The plans for the project were approved and the work authorized by the village, although the actual work was done and supervised by the WPA. On November 26, 1941, the day's work was completed about 4:15 p. m. As is the custom, barricades were placed around the open trench. Those at each end had the words "Road Closed" painted on them, and red lanterns were hung along the sides of the other barricade. At the ends of the trench, in front of the barricades, were placed flares of the type usually used on highways. These flares, designated by one witness as a "bomb," are about seven inches in diameter, six inches in height, and burn with a flickering flame several inches high. These warning devices were the property of and were furnished by the WPA.

The evidence shows that the children in the neighborhood had played in the sand around the excavations for some weeks as the work progressed and around the flares after they were set out. The injury to plaintiff occurred about 5:00 p. m. of the day mentioned. It was quite dark at the time. Several small children, including plaintiff, were standing around one of the burning flares

when a neighbor saw plaintiff in flames. He was severely burned about the legs.

Plaintiff had a verdict of $2,100. There is no claim that it is excessive. The contention of defendant is that, under the circumstances, the use of a flare for the purpose of giving warning of an excavation in a public street was not actionable negligence and did not constitute a breach of the village's duty to exercise reasonable care to keep its streets in a safe condition. It relies on Clark v. City of Bremerton, 1 Wash. (2d) 689, 694, 97 P. (2d) 112, 114, where a flare of the same type as that used here was instrumental in the death of a ten-year-old boy who, with three other children, was playing with it. The court there held that there was no liability and said: "The quoted testimony shows that the accident was brought about by the child's own intermeddling with the lighted flare pot." There is no contention here that the plaintiff was negligent as a matter of law, so the Washington case is not helpful.

In Brown v. City of Minneapolis, 136 Minn. 177, 161 N. W. 503, which was cited with approval in Clark v. City of Bremerton, *supra,* the city was excavating for a water main, and when the workmen quit at 4:30 p. m. they left an ordinary red lantern to serve as a warning at night. The lantern and a two-year-old boy were found in the excavation with the lantern in flames. The jury found for the defendant city, and we refused a new trial because we considered that an ordinary lantern was not of a character so alluring to a child or so inherently dangerous as to justify a finding of negligence on the part of the city.

It is settled in this state that a municipality owes a duty of care toward children using the streets for recreation and play. Barrett v. Village of Princeton, 135 Minn. 56, 160 N. W. 190. Znidersich v. Minnesota Utilities Co. 155 Minn. 293, 296, 193 N. W. 449, 450. This court no longer recognizes a distinction between "attractive nuisance" cases and other negligence cases, but does recognize the diligence required when attractive or alluring instrumentalities are placed where children are known habitually

to play. In Gimmestad v. Rose Brothers Co. Inc. 194 Minn. 531, 536, 261 N. W. 194, 196, we said of the attractive nuisance theory:

"* * * It is but a convenient phrase to designate one sort of case within the ordinary rule that one is liable for injury resulting to another from failure to exercise, for the protection of the injured child, the degree of care commensurate with and therefore demanded by the circumstances. The greater the hazard the greater the care required."

See also Weber v. Saint Anthony Falls W. P. Co. 214 Minn. 1, 7 N. W. (2d) 339.

In holding a city liable for the negligent care of its streets, we said:

"* * * This and other courts have frequently commented upon the high degree of vigilance necessary to constitute ordinary care where children may reasonably be expected to be present." McCarthy v. City of St. Paul, 201 Minn. 276, 278, 276 N. W. 1, 2.

And in Znidersich v. Minnesota Utilities Co. 155 Minn. 293, 296, 193 N. W. 449, 450, we held that the rule of diligence toward children habitually playing in a street applies with "special merit" where alluring instrumentalities are placed therein.

If a person of ordinary prudence ought to anticipate from his acts or omissions injury to someone to whom he owes a duty, then it is negligence on his part to so act. If from the negligence an injury flows in unbroken sequence as a natural and probable consequence, liability follows. Christianson v. C. St. P. M. & O. Ry. Co. 67 Minn. 94, 69 N. W. 640.

The evidence in the case at bar shows that the accident occurred in an unimproved residential street in a small village. It tended to prove that there were a large number of small children in the neighborhood; that for several weeks, as the work progressed, they had played in the street and around the sand pile caused by the excavation; and that they had gathered like "flies" around the open flares after the workmen left. From this evidence the jury could well conclude that the village officers were chargeable with knowl-

edge of the children's habit of playing around the flares and should have reasonably anticipated some injury to them. Consequently the jury was justified in its verdict.

This does not mean that we would arrive at the same conclusion if flares of this type were used at a place where children were not known to be in the habit of playing.

Order affirmed.

