## THOMAS J. MEAGHER v. EDWARD HIRT.[1]

January 5, 1951.

No. 35,266.

[1]Reported in 45 N. W. (2d) 563.

*Phillips & Donohue,* for appellant.
*Harry E. Burns,* for respondent.

MAGNEY, JUSTICE.

Defendant appeals from an order denying his alternative motion for judgment or a new trial.

Plaintiff, Thomas J. Meagher, was nine years old on April 9, 1949, when he sustained the injuries for which the jury allowed a recovery.

Defendant, Edward Hirt, is a general contractor. He had entered into a contract with the St. Cloud school district to construct a school building. The new building was to be erected on the site of an old one, which had to be razed. Under the contract, demolition of the old building could begin April 15, 1949. However, defendant was permitted to remove slate blackboards after April 8, the last day of school in the old building. On the day of the accident, some of defendant's employes were engaged in removing slate black- boards from rooms of the old building. All of the material from the razed building under the contract belonged to defendant, and some of the slate boards so removed were sold back to the school district. These slate boards, which were repurchased by the district, were 42 inches wide and 5 to 6 feet long. Each weighed 80 to 100 pounds. Slate boards of other sizes were also removed from the schoolrooms. The slate boards which were purchased by the district were placed by defendant's employes in a room convenient for re-

moval by the employes of the district. Employes of defendant laid two strips of softwood, 1 x 4, crosswise over the maple flooring to prevent slipping. Five to seven slate boards were then placed on these strips and leaned against the wall. The foot of the boards extended out from the wall from a foot to 20 inches.

On the morning of the day of the accident, several boys 12 to 14 years of age were assisting the janitors in carrying books, desks, and other supplies out of the building. There were also a number of other children playing within the premises. Among them was plaintiff. He testified that he saw a piece of chalk behind the slate boards which were leaning against the wall. He wanted the chalk, but he could not get at it. He said that he did not know the blackboards were so heavy; that he tried to lift them and they fell on his leg.

"The blackboards weighed so much they started pushing me down and I tripped or something I guess and the blackboards fell on me."

On cross-examination he described what happened as follows:

"Q. And you think you moved that whole pile of slate, pulled it away from the wall so far it tipped over?

"A. Yes, I think so.

"Q. You pulled it away from the wall and it tipped over and you could not get away on time, is that what happened?

"A. Yes, something like that."

After the accident, plaintiff was found lying under the pile of slate boards, close to its center. The edge of the pile closest to the wall was then 14 or 15 inches away from it. The slate extended almost up to plaintiff's hips. One leg was seriously injured. Plaintiff was the only person in the room when the accident happened.

Defendant claims that on the facts as above stated the evidence was insufficient to support a finding of negligence on his part; furthermore, if there was any negligence which the jury might have found under the evidence, it was not the proximate cause of the accident.

The first question and probably the only one that may be necessary to consider is whether there is any evidence from which one could reasonably find that defendant failed to exercise reasonable care in stacking the pile of slate boards which fell upon plaintiff. Since plaintiff does not allege or claim that there were other dangers connected with permitting children to play in the school building, defendant can be held liable only if it is shown that he did not exercise due care in stacking the boards of slate in a building where children were known to be playing. Plaintiff's complaint alleges that defendant negligently failed to post warnings or exclude children from the premises where the injury occurred, but we do not understand his argument to be that such failure in and of itself constituted negligence. Thus, defendant can be held liable only if it is shown that his employes did not exercise due care in stacking the pile of slate boards in the building, where children were known to be playing.

Our previous decisions in cases of this kind make it clear that this duty to exercise due care to eliminate conditions on real property which are hazardous to children is the same whether the person who creates the condition is an owner or a mere occupant of the property (Znidersich v. Minnesota Utilities Co. 155 Minn. 293, 193 N. W. 449; Gimmestad v. Rose Brothers Co. Inc. 194 Minn. 531, 261 N. W. 194), and also whether the child is an invitee, licensee, or trespasser. Gimmestad v. Rose Brothers Co. Inc. *supra;* Holly v. Bennett, 46 Minn. 386, 49 N. W. 189; Weber v. Saint Anthony Falls Water Power Co. 214 Minn. 1, 7 N. W. (2d) 339. In the Gimmestad case, this court stated the rules applicable to a case of this kind as follows (194 Minn. 536, 261 N. W. 196):

"'* * * one who maintains on his premises an artificial condition is liable for resulting injury to young children trespassing thereon if:

"'(a) the place where the condition is maintained is one upon which the possessor knows or should know that such children are likely to trespass, and

" '(b) the condition is one of which the possessor knows or should know and which he realizes or should realize as involving an unreasonable risk of death or serious bodily injury to, such children, and

" '(c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling in it or in coming within the area made dangerous by it, and

" '(d) the utility to the possessor of maintaining the condition is slight as compared to the risk to young children involved therein.' Restatement, Torts (Tent. Draft No. 4) § 209."

In the case at bar, conditions (a) and (c) above are indisputably satisfied. The real dispute concerns the question whether defendant knew or should have known that the manner in which his men had stacked a quantity of slate in this schoolroom created an unreasonable risk of death or serious bodily injury to children playing in and about the school. In answering that question, it must be remembered that defendant cannot be held liable merely because a child was in fact injured. He can only be held liable for negligence if there was a foreseeable risk of injury to children under the circumstances. Olson v. Ottertail Power Co. (8 Cir.) 65 F. (2d) 893, and cases cited.

On the facts as detailed, it is difficult to see how defendant could have foreseen any risk of injury to children in stacking the slate boards in the manner they were stacked. There was nothing about the pile of slate boards which was in any way attractive to children. As a matter of fact, neither plaintiff nor other children were attracted to it so that they centered their play in, on, or around the pile of slate boards. Neither was the accident caused by improper piling or stacking of the slate boards so that they might fall on the children if they inadvertently came in contact with the pile. No dangerous condition was caused thereby. The bottom of the pile did not slide outward on the floor either by its own weight or by a push from behind and thus cause the accident, which again suggests that there was nothing in the man-

ner in which the boards of slate were stacked against the wall that was improper or any evidence of negligence. Although plaintiff makes no claim that the pile of slate was attractive to plaintiff or any other children, he argues that he was attracted by a piece of chalk lying behind the slate and that defendant should have so stacked the slate that it would not fall on plaintiff when he was attempting to get possession of the chalk. But there is no evidence that defendant or any of his employes knew that a piece of chalk was lying where plaintiff claims to have seen it. Undoubtedly there were numerous pieces of chalk in the old school building at the time, as school had just closed the day before. Even if defendant might have foreseen that a child might have found a piece of chalk behind the slate, which is stretching foreseeability to the breaking point, defendant could not very well foresee that a child in his attempt to get possession of the piece of chalk would use strength such as was used in this case to pull the pile of slate boards down. The pile of slate was standing upright when plaintiff tried to get behind it to get the chalk. The testimony leaves no doubt that plaintiff stood in front of the stack, facing the wall, took hold of the top edge of the pile, and pulled it away from the wall toward him until it passed a perpendicular position and pushed him to the floor by its weight. The fact that the edge of the stack closest to the wall was 14 or 15 inches from the wall after the accident, plus the fact that the slate fell on top of plaintiff, makes it clear that the slate did not slide outward on the floor. If it had, the top edge of the stack would have followed down the wall in close proximity thereto, in which case the stack could not possibly have fallen on plaintiff standing in front of it. Defendant was not bound to foresee that a nine-year-old boy would pull a heavy stack of slate such as this one, piled as it was, away from the wall and over on top of him. Defendant was only obligated to have the slate so stacked that it would not fall if subjected to interference which might foreseeably result from the activity of children playing in its vicinity.

Since in our opinion the evidence does not support a claim of negligence against defendant, it is unnecessary to consider other questions raised by plaintiff.

Order reversed with directions to enter judgment for defendant.

MR. JUSTICE THOMAS GALLAGHER took no part in the consideration or decision of this case.