JUDITH CHASE, A MINOR, BY RUDY A. CHASE, HER FATHER AND NATURAL GUARDIAN, v. KENNETH L. LUCE. RUDY A. CHASE v. SAME.[1]

May 22, 1953.

No. 36,062.

*Freeman, Larson & Peterson* and *Robert L. Hoppe,* for appellant. *Vennum, Newhall & Ackman,* for respondents.

[1]Reported in 58 N. W. (2d) 565.

LORING, CHIEF JUSTICE.

This appeal involves an action by a seven-year-old girl to recover damages for injuries sustained on the premises of defendant and alleged to be the result of the negligence of defendant's agents, servants, and employees.[2] The jury returned a verdict for plaintiffs, and the trial court denied defendant's motion for judgment notwithstanding the verdict. Judgment was entered for plaintiffs, and defendant appeals from this judgment.

Resolving all conflicts and doubts in favor of the prevailing parties below, the following appear to be the facts. Defendant was building several houses in south Minneapolis. Plaintiff Judith Chase, who was five years old at the time, entered one of these houses. Although there is considerable conflict as to whether there was a latch on the door, there is sufficient evidence to support a finding that there was no latch on the door at the time of the child's entrance. In view of the verdict, we must assume this to be the fact. See, 1 Dunnell, Dig. (3 ed.) § 415b. While there were no steps up to the door, it appears that there were blocks placed there to afford access to the door. Judith apparently went up a flight of rough stairs to the second floor. There were no floor boards laid on the second floor, and the joists were about 16 inches apart. Nailed to the bottom of these were some rock lath strips. Judith apparently stepped in between the joists onto the rock lath strips and fell through to the first floor, sustaining the injuries involved here. The joists were about eight inches high, and there was evidence to show that these rock lath strips would not support Judith's weight when dropped from a height of four inches. The issue of contributory negligence was specifically excluded. The jury returned verdicts for Judith and her father for $3,000 and $622.29 respectively.

---

[2] Her father brought a separate action for medical expenses. The two cases were consolidated for trial and are submitted as a single case on this appeal pursuant to a stipulation that a decision in one action shall be considered applicable to both.

The only question involved in this appeal is whether or not there is sufficient evidence to justify a finding that defendant was guilty of negligence and that such negligence was a proximate cause of plaintiff's injuries. The instructions are unchallenged.

As correctly set forth in the instructions, a possessor of land is liable for injuries to trespassing children where:

(1) The place where the condition is maintained is one upon which the possessor knows, or should know, that such children are likely to trespass; and

(2) The condition is one of which the possessor knows, or should know, and which he realizes, or should realize, as involving an unreasonable risk of death or serious bodily harm to such children; and

(3) The children, because of their youth, do not discover the condition or realize the risk involved in intermeddling in it or in coming within the area made dangerous by it; and

(4) The utility to the possessor of maintaining the condition is slight, as compared to the risk to young children involved therein.

These rules are found in Restatement, Torts, § 339; Gimmestad v. Rose Brothers Co. Inc. 194 Minn. 531, 261 N. W. 194; Weber v. St. Anthony Falls Water Power Co. 214 Minn. 1, 7 N. W. (2d) 339.

Applying each of these rules to the facts of the case at bar, we reach the following conclusions:

Inasmuch as defendant admitted that he knew there were numerous small children in the area; defendant's employees had chased children away on several occasions; and defendant was in the business of building houses and could be readily charged with the knowledge that children might enter an unfinished house through an unlatched door, a jury is justified in finding that defendant or his agents knew or should have known that children would be likely to trespass in the manner of plaintiff here. See, Heitman v. City of Lake City, 225 Minn. 117, 30 N. W. (2d) 18; Schmit v. Village of Cold Spring, 216 Minn. 465, 13 N. W. (2d) 382, 154 A. L. R. 1325; Gimmestad v. Rose Brothers Co. Inc. 194 Minn. 531, 261 N. W. 194;

Weber v. St. Anthony Falls Water Power Co. 214 Minn. 1, 7 N. W. (2d) 339.

Inasmuch as the rock lath strips might easily appear to a five-year-old child to be capable of supporting her weight, a jury is well warranted in finding that this condition, when coupled with the ease of access afforded by the unlatched door and unobstructed passage to the second floor, involved an unreasonable risk of injury to children. See, Weber v. St. Anthony Falls Water Power Co. 214 Minn. 1, 7 N. W. (2d) 339.

In view of the age of the child, a jury is warranted in finding that she did not discover or realize the generally dangerous condition of a house under construction and the particular danger involved in stepping between the joists onto the rock lath strips.

Inasmuch as there was evidence introduced showing the feasibility and ease of latching the door, nailing the door shut, barricading the stairway, or covering the second-floor stair well—all with no damage to the property—a jury might well find that any "utility" to defendant in failing to take one of these precautions was negligible in comparison with the risk involved.

The satisfaction of each of these elements was a proper question for a jury, and there is ample evidence to sustain their verdict.

Affirmed.

MR. JUSTICE ROGER L. DELL, not having been a member of the court at the time of the argument and submission, took no part in the consideration or decision of this case.