UNITED STATES of America, Appellant,

v.

H. W. BERNHARDT, et al., and The City of Beaumont, Appellees.

No. 16333.

United States Court of Appeals Fifth Circuit.

May 3, 1957.

Joseph Langbart, Atty., Dept. of Justice, Washington, D. C., William M. Steger, U. S. Atty., John L. Burke, Jr., Asst. U. S. Atty., Tyler, Tex., Paul A. Sweeney, Chief Appellate Sec., Geo. S. Leonard, Atty., Dept. of Justice, Washington, D. C., George Cochran Doub, Asst. Atty. Gen., Washington, D. C., on the brief, for the United States.

John D. Rienstra, Woodson E. Dryden, George E. Murphy, William C. Ross, Jr., Beaumont, Tex., for appellees.

Before HUTCHESON, Chief Judge, and BORAH and TUTTLE, Circuit Judges.

BORAH, Circuit Judge.

This appeal is from a judgment for the plaintiffs and the third-party defendant in an action brought against the United States under the Federal Tort Claims Act,[1] for damages for personal injuries sustained by five year old Kenneth Bernhardt when he pulled a mailbox over on himself.

Evidence without conflict showed the following: In the year 1950, the post office officials of Beaumont, Texas, installed the mailbox in question by placing it in close proximity to the north curb line on Harriot Street near the point where it intersects Park Street. In this immediate adjacent area there is no paved sidewalk or other paved area and they simply placed the mailbox on ground or dirt between the curb of Harriot Street and a beaten pathway or trail used by pedestrians. This mailbox was one of four ordinary postal combination boxes which had been adapted for curb pick-up service. It had four legs, each consisting of a two-inch metal strip with a metal footing about three and one-half inches square, and measured approximately four feet in height, two and one-half feet in width and two feet in depth. The protruding spout or mail chute which had been attached thereto was approximately fifteen inches long, four inches square and three inches wide, and this spout was flush with the curb so that the box was more easily accessible to the public to deposit mail.

When the mailbox here involved was installed the local postmaster, who had formerly served as City Manager of the City of Beaumont, asked the city attorney whether or not mailboxes had to be placed or set or located upon city property, private property or elsewhere in any particular manner, and in response to his inquiry he was orally informed that they could be placed on the property between the sidewalk and the curb line, or on the sidewalk, but that they could in no manner be fastened to the ground for the reason that there was an ordinance, restriction or regulation forbidding it. This inquiry on the part of the postmaster was prompted by the fact that he had from time to time received complaints from local merchants that the combination mailboxes had been pushed around in front of their places of business. Thereafter and prior to the accident on two different occasions—once when a mailbox slipped from its original position, and another when a mailbox was run into by an automobile and knocked through a large plate glass window—the postmaster made similar inquiries and in each instance he was advised by either the city attorney or his assistant that the ordinance was still in effect. The postmaster did not pursue the matter further and as a result, none of the mailboxes, including the one on Harriot Street, was, at the time of the accident, affixed to the ground.

Thereafter, and on the afternoon of October 30, 1954, Kenneth Bernhardt and his eight-year old brother were walk-

---

1. 28 U.S.C. §§ 2671–2680.

ing to a grocery store located on Park Street, following the most direct route which brought them in close proximity to the mailbox on Harriot Street. As they approached the mailbox, a car drove up and the occupant deposited a letter in the mail chute. And Kenneth, acting upon a childish impulse to "see where the letter went", stood on his tiptoes and as he grabbed both sides of the protruding spout to look inside, the mailbox fell over on him and its metal lip crushed the bridge of his nose. Subsequently, and after the mailbox had been restored to an upright position, it was observed by two disinterested witnesses, one of whom was the patrolman who investigated the accident, that the mailbox rested on uneven and loose ground, that it was top-heavy and tilted easily, and would readily fall over if only mild pressure were applied.

Following the accident, the minor and his father, H. W. Bernhardt, instituted this action for damages alleging that the mailbox was an attractive nuisance and that the injuries complained of resulted proximately from the negligence of the Government, its agents, servants, and employees in failing to affix the box to the ground or to properly weight it down to prevent its tipping over. The Government, following denial of its motions to dismiss and for summary judgment, filed an answer in which it denied the charge of negligence, denied that the mailbox constituted an attractive nuisance, and affirmatively alleged that its failure to permanently attach or affix the mailbox was due solely to its compliance with a valid municipal ordinance of the City of Beaumont which makes it "unlawful for any person, in any manner, to obstruct the use by pedestrians of any sidewalk in the city by placing thereon any boxes, material, vehicles, or other objects whatever. * * * "2 With leave of court, the Government also filed a third-party complaint against the City of Beaumont seeking judgment over against the City, in the event the Government should be held liable, on the ground that the City, through its officials, had at all times denied the Government permission to permanently affix or attach the mailbox to the ground. By way of responsive pleading, the City denied any liability to the plaintiffs or the Government, for the reason that the City had no notice or knowledge of the existence of the particular mailbox in controversy, or that it constituted an attractive nuisance, if such it was.

After a trial on the merits, the district judge entered findings of fact and conclusions of law and rendered judgment in conformity therewith awarding plaintiffs damages in the sum of $5,816.85, together with interest, attorneys' fees and costs, and denying recovery on the Government's claim against the third-party defendant. This appeal followed.

Appellant's principal contention is that there was insufficient evidence to support the trial court's findings that the injury to the minor was reasonably foreseeable. In support thereof it cites numerous cases, such as Meagher v. Hirt, 232 Minn. 336, 45 N.W.2d 563; Bergman v. Feitelowitz, 278 N.Y. 620, 16 N.E.2d 127; and Pippin v. J. Regenstein Co., 58 Ga.App. 819, 199 S.E. 790, in which courts have refused to impose liability upon the ground that the misuse of an object which is not inherently dangerous is not reasonably foreseeable.

We take it to be fundamental that each case of this type rests on its own facts and circumstances, Banker v. McLaughlin, 146 Tex. 434, 208 S.W.2d 843, 8 A.L.R.2d 1231. As we understand the Texas law, appellant is to be held liable if it is proved: (1) that the injured child was too young to understand and avoid the danger; (2) that there was reason to anticipate the presence of children, because the offending instrumentality was in a place where children had a right to be, and that children would be attracted by it; (3) that a strong likelihood of accident was, or should have, with reasonable care, been

2. Article 60–1, Code of the City of Beaumont.

foreseen; and (4) that there was a failure to use ordinary care to make it safe for a child. See Banker v. McLaughlin, supra; Quisenberry v. Gulf Production Co., Tex.Civ.App., 63 S.W.2d 248; Charles v. El Paso Electric Ry. Co., Tex. Com.App., 254 S.W. 1094.

In the instant case each of these conditions was satisfied: First, the child was five years of age and whether he was too young to understand the danger presented a question of fact.

Second, the appellant had reason to anticipate the presence of children. The danger was near a residential section and in a public area where children had a perfect right to be. Charles v. El Paso Electric Ry. Co., supra. Under these circumstances appellant was obliged to exercise ordinary care for their safety and should have realized that a mailbox with a protruding spout, when placed so temptingly in their way, might prove attractive to children five years of age. Id., at page 1095. As was stated in Quisenberry v. Gulf Production Co., supra [63 S.W.2d 250], it was not necessary that it be shown to be "painted in gaudy colors that would attract a savage," but rather that it makes an appeal to a child's natural inclination to handle or play with it.

Third, there was a strong likelihood of the accident. The evidence does not reveal the weight of the mailbox, but the fact that it was so balanced as to topple over by the weight of a small child discloses a strong likelihood of accident when it is considered that such a child would be likely to attempt to grab and look into the spout "to see where the letters went."

Finally, it was a fact question as to whether a reasonably prudent person would have fastened the mailbox to the ground or otherwise weighted it down so as to prevent its tipping over. The trial judge as the finder of fact resolved each of these questions against appellant and we cannot on this record say that his findings were clearly erroneous. Rule 52, Federal Rules of Civil Procedure, 28 U.S.C.

█ In the light of the foregoing there remains for our consideration appellant's contention that it is entitled to indemnity from the City of Beaumont. While it is true that the Government may, under certain appropriate circumstances, be entitled to indemnity when it has been held liable in tort, these circumstances are not presented here, for this case is not one wherein a wrongful act of the City resulted in liability being imposed upon the Government. Appellant vigorously contends that the trial court erred in holding that the ordinance was not applicable because the mailbox was not located on a "sidewalk" within the meaning of the ordinance. Conceding, as appellant would have us do, that the trial judge was in error in finding: (1) that the mailbox was not on the "sidewalk", and (2) that appellant was negligent in relying upon advice by city officials that mailboxes could not be permanently affixed without violating the ordinance, we fail to see in what manner appellant's cause would be benefitted. For the trial court, in addition to these findings, also found as a fact that appellant was negligent in failing to weight the mailbox down so as to prevent its tipping over. Appellant does not challenge this finding, and there is not a scintilla of evidence in this record which purports to show that its failure to weight the mailbox down was in any manner attributable to the City.

It follows that the judgment was right and it is affirmed.

Affirmed.